**John Henry SELVAGE, Petitioner,**

v.

**James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.**

**No. 71024.**

Court of Criminal Appeals of Texas, En Banc.

May 29, 1991.

David Cunningham, Houston, Julius Chambers, Richard H. Burr, III, George Kendall, Steven Hawkins, New York City, for petitioner.

Jim Mattox, Former Atty. Gen. & Mary F. Keller, Michael P. Hodge and Robert S. Walt, Asst. Attys. Gen., Austin, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON CERTIFIED QUESTION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

PER CURIAM.

This cause is before us on certified question from the United States Court of Appeals for the Fifth Circuit, pursuant to TEX.R.APP.P., 214; Tex.Const. art. 5 § 3–c.

Petitioner was convicted of capital murder on February 8, 1980. The jury re-

turned affirmative answers to the special issues prescribed by Tex.Crim.Proc.Code art. 37.071, and petitioner was sentenced to death on March 12, 1980. On direct appeal, this Court affirmed his conviction and sentence. *Selvage v. State,* 680 S.W.2d 17 (Tex.Cr.App.1984). Petitioner sought no further direct review, but mounted several collateral assaults on his conviction by application for writ of habeas corpus under Tex.Crim.Proc.Code art. 11.07 § 2. In his last application, petitioner contended, among other things, that his death sentence was unconstitutional because:

> Texas' capital sentencing procedure generally, and the instructions given to the jury in this case specifically, do not allow for the consideration of evidence in mitigation proffered by the defense as the basis for a sentence less than death, in violation of the Eighth and Fourteenth Amendments of the United States Constitution and similar provisions of the Texas Constitution.

The convicting court concluded that:

> Applicant is procedurally barred from raising [the above] ground for relief ... as he failed to object to the Texas capital murder statute at the time of trial on the basis ... that the Texas capital murder statute is unconstitutional in that it precluded the presentation of mitigating evidence on behalf of Applicant.

This Court found sufficient support for the convicting court's conclusions, and denied petitioner's application for habeas corpus in a written order. *Ex Parte Selvage,* No. 16,884–02 (Tex.Cr.App.1988).

Petitioner next attacked his death sentence on substantially the same basis by application for stay of execution and writ of habeas corpus before the United States District Court for the Southern District of Texas, Houston Division. That court granted him relief and ordered a stay of his scheduled execution. *Selvage v. Lynaugh,* No. H–88–166 (S.D.Tex. March 25, 1988).

On appeal, the United States Court of Appeals for the Fifth Circuit vacated the lower court's stay, because it was "persuaded that Selvage's only substantial claim ha[d] not been preserved for review."

*Selvage v. Lynaugh,* 842 F.2d 89, 90 (5th Cir.1988). Petitioner's "substantial claim" was that "the Texas capital sentencing procedure prevents the jury's consideration of mitigating evidence." The Court of Appeals concluded that this Court had "refused review [of this claim] in reliance on its contemporaneous objection rule." *Id.* at 93. The Court of Appeals found "no legal cause for the absence of an objection" to the trial court's charge on punishment. Furthermore, legal cause for this failure to object could not be found either under the "novelty" doctrine of *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) (claim must be novel in that its legal basis is not reasonably available at the time of trial), or under the "futility" doctrine rejected by the Supreme Court in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (defendant may not bypass the state courts simply because he thinks they will be unsympathetic to his claim). Thus, the Court of Appeals vacated the stay of execution because petitioner's failure to object to the jury instruction at the punishment phase or to request additional instructions was not due to the "novelty" of the claim, and because the previous rejection of similar claims by this Court did not excuse his failure to object. *Id.* at 93–95.

The United States Supreme Court granted certiorari, limited to the question:

> At the time petitioner was tried, was there 'cause' for not raising a claim based upon arguments later accepted in *Penry v. Lynaugh,* 492 U.S. 302 [109 S.Ct. 2934, 106 L.Ed.2d 256] (1989); and if not, would the application of a procedural bar to the claim result in a 'fundamental miscarriage of justice,' *Smith v. Murray,* 477 U.S. 527 [106 S.Ct. 2661, 91 L.Ed.2d 434] (1986)?

*Selvage v. Lynaugh,* 493 U.S. 888, 110 S.Ct. 231, 107 L.Ed.2d 182 (1989). During oral argument, petitioner contended that his claim "would no longer be deemed procedurally barred by the Texas Court of Criminal Appeals." Finding that this presented a threshold question, the Supreme Court elected to defer consideration

of petitioner's Eighth Amendment contention, pending resolution of the question of procedural default under Texas law:

> Because our decision in *Penry* was handed down after petitioner's petition for certiorari was filed, and may have affected the view of the Texas Court of Criminal Appeals on the issue of whether petitioner's claim is presently barred, we think the issue should be decided before we address the question on which we granted certiorari. The Court of Appeals for the Fifth Circuit is more familiar with Texas law than we are, and we therefore vacate the judgment of the Court of Appeals and remand the case to it for determination of whether petitioner's *Penry* claim is presently procedurally barred under Texas law.

*Selvage v. Collins*, 494 U.S. 108, 110 S.Ct. 974, 108 L.Ed.2d 93 (1990).

The Court of Appeals for the Fifth Circuit in turn decided that the remand order "presents a question of law that may be determinative of this case, for which there is no controlling precedent in the decisions of the Court of Criminal Appeals." Consequently, the Court of Appeals certified to this Court the following question: "whether petitioner Selvage's claim under *Penry v. Lynaugh*, 492 U.S. [302, 109 S.Ct. 2934, 106 L.Ed.2d 256] (1989), is presently procedurally barred under Texas law." *Selvage v. Collins*, 897 F.2d 745 (5th Cir.1990).

In *Black v. State*, 816 S.W.2d 350 (Tex. Cr.App.1991) (Campbell J., concurring), the concurrence, joined by five other members of the Court, held that Black's claim that the sentencing jury was unable to give effect to mitigating evidence within the scope of the special issues of Tex.Crim. Proc.Code art. 37.071 in violation of the holding in *Penry v. Lynaugh*, was not procedurally barred under Texas law even though he had failed to object to the error at the time of trial in 1986. A majority of this Court found that Black's claim under *Penry v. Lynaugh* was an assertion of a right not previously recognized. We ulti-

mately concluded that the decision in *Penry* "constituted a substantial change in the law ... and there being abundant *Texas* precedent demonstrating that the holding amounts to a right not previously recognized, [Black] has not waived his right to assert a *Penry* violation by failing to object at trial." *Black*, 816 S.W.2d at 374.

We note that petitioner's capital murder trial took place in 1980, approximately nine years before the Supreme Court's decision in *Penry v. Lynaugh*. Based on the holding in the concurring opinion in *Black*, we conclude that petitioner's claim under *Penry v. Lynaugh* is not presently procedurally barred under Texas law. Thus, we answer the certified question in the negative.

No motion for rehearing will be entertained.

MILLER, WHITE and BAIRD, JJ., dissent believing an objection was not futile at the time of trial. See *Black v. State*, 816 S.W.2d 350 (this date delivered, opinion by MILLER, J.).