**Ex parte Harvey EARVIN.**

**No. 70886.**

Court of Criminal Appeals of Texas, En Banc.

May 29, 1991.

Robert L. McGlasson, Eden E. Harrington, Austin, for appellant.

Jim Mattox, former Atty., and Mary F. Keller, Lou McCreary, Michael P. Hodge and Charles A. Palmer, Asst. Attys. Gen., Robert Huttash, State's Atty., Austin, for the State.

## OPINION

**PER CURIAM.**

This is a post conviction habeas corpus proceeding before this Court pursuant to Article 11.07, TEX.CRIM.PROC.CODE.

Applicant was convicted of the offense of capital murder. The jury returned affirmative answers to the special issues, TEX. CRIM.PROC.CODE., art. 37.071, and punishment was assessed at death. On direct appeal, this Court affirmed applicant's conviction. *Earvin v. State,* 582 S.W.2d 794 (Tex.Cr.App.1979).

By way of a supplemental application, applicant presented an allegation claiming error under *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). We ordered the writ application filed and set on July 21, 1989, to review applicant's allegation that the jury was unable to give effect to the mitigating evidence presented at the punishment phase of his trial.

---

After considering this issue and reviewing the trial record, it now appears that the decision to file and set the writ application was improvident. Therefore, the applicant's writ of habeas corpus is dismissed pursuant to TEX.R.APP.P. 213(b).

CLINTON, Judge, dissenting.

A majority of the Court has ruled, in *Black v. State*, 816 S.W.2d 350 (Tex.Cr. App., delivered this day), that a claim premised upon *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), may be raised for the first time on appeal or on collateral attack, at least so long as the trial occurred prior to the date of decision in *Penry*. This is because before that date a *Penry* claim was a "right not recognized" in this Court. *Ex parte Chambers*, 688 S.W.2d 483 (Tex.Cr.App.1984) (Campbell, J., concurring). Applicant Earvin's trial was in August of 1977, twelve years before the United States Supreme Court's decision in *Penry*. Nevertheless, the Court holds that applicant's application for post-conviction writ of habeas corpus, brought pursuant to Article 11.07, V.A.C.C.P., was improvidently filed and set. We know from *Black* that it cannot have been improvident because of a procedural bar. See also *Selvage v. Collins*, 816 S.W.2d 390 (Tex.Cr.App., delivered this day) (Opinion on Certified Question from the United States Court of Appeals for the Fifth Circuit). I presume, then, that the majority rejects applicant's *Penry* claim on the merits.

Applicant was only eighteen years old at the time he committed the offense in this cause. Jurors are entitled to believe that age has a bearing on moral culpability that transcends the particular factual questions of deliberateness, provocation and future dangerousness. Even a juror who believes beyond a reasonable doubt that a capital defendant killed deliberately and without provocation, and will likely continue to commit violent crimes, may yet judge his youth to be a valid reason to assess a penalty less than death.

In *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), a plurality of the Supreme Court invalidated the death sentence of a 21 year old defendant. Under the Ohio statute then governing capital sentencing, the trial judge was to impose a sentence of death unless he found one of three statutorily defined mitigating circumstances, *viz:* 1) that the deceased "induced or facilitated" the offense; 2) that the accused acted under "duress, coercion or strong provocation[;]" or 3) that the accused's conduct was a product of his "psychosis or mental deficiency[.]" *Id.*, U.S. at 607, 98 S.Ct. at 2966, 57 L.Ed.2d at 991–92. Although such factors as Lockett's age and criminal record could be considered in the determination whether any of the statutory mitigating circumstances existed, they could not be regarded as justifications in their own right for a sentence less than death. Nor could factors such as the accused's relatively minor role in the events leading up to the murder, or absence of an intent to kill on her part. A plurality of the Supreme Court held that this limitation of the range of mitigating circumstances was incompatible with its recent Eighth Amendment jurisprudence, most notably *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976). In a companion case to *Lockett*, *Bell v. Ohio*, 438 U.S. 637, 98 S.Ct. 2977, 57 L.Ed.2d 1010 (1978), the same plurality overturned the death penalty of a defendant who had been sixteen years old at the time of his offense.

In *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), a majority of the Supreme Court adopted the holding of *Lockett*. The Oklahoma capital sentencing statute provided for consideration of "any mitigating circumstances," and the trial judge did take Eddings' age, sixteen, into account in assessing the punishment. Thus the Supreme Court observed approvingly: "The trial judge recognized that youth must be considered a relevant mitigating factor." 455 U.S. at 115, 102 S.Ct. at 877, 71 L.Ed.2d at 11. Because the trial judge declined to consider the troubled circumstances of Eddings' upbringing, however, his death sentence was also overturned, on authority of *Lockett*.

As I understand them, *Lockett*, *Bell* and *Eddings* support the proposition that youth

necessarily has Eighth Amendment relevance as mitigating evidence, quite apart from whatever bearing it may have on Article 37.071, V.A.C.C.P., special issues.

It is true that in *Stanford v. Kentucky*, 492 U.S. 361, 109 S.Ct. 2969, 106 L.Ed.2d 306 (1989), the Supreme Court held it was not cruel and unusual *per se* to impose the death penalty upon defendants who were sixteen or seventeen at the time of commission of the offense. That does not mean, however, that youth has lost its constitutionally mitigating significance. In *Penry* itself the Supreme Court held it is not *per se* unconstitutional to execute a mentally retarded capital accused. But in the same opinion the Supreme Court then insisted that mental retardation has mitigating significance beyond its relevance to the special issues under Article 37.071, supra. By the same token, that the Eighth Amendment does not categorically prohibit execution of youths and young adults does not reduce the significance of youth as a circumstance that, in the individual case, might justify a sentence less than death. Youth remains as an aspect of the individual character and circumstances of the offender which is a "constitutionally indispensable part of the process of inflicting the penalty of death." *Woodson v. North Carolina*, 428 U.S. at 304, 96 S.Ct. at 2978, 49 L.Ed.2d at 944. I do not read *Stanford* to diminish the impact of *Lockett, Bell* and *Eddings*. Youth still has mitigating "relevance" not fully circumscribed by special issues.

In any event, I agree with Judge Baird that the Court would do well to wait on the Fifth Circuit's resolution of the question now pending before it on rehearing *en banc* in *Graham v. Collins*, 896 F.2d 893 (CA5 1990) *rehearing granted*, 903 F.2d 1014, rather than dismiss applicant's application without any discussion of the matter. Should the Fifth Circuit reconfirm

that youth is a constitutionally relevant mitigating factor which has significance beyond the scope of the special issues contained in Article 37.071, V.A.C.C.P., then applicant has suffered "imposition of the death penalty ... by a sentencer given no means to prescribe, based on such mitigating evidence, a less severe punishment" than death. *Gribble v. State*, 808 S.W.2d 65 (Tex.Cr.App.1990) 808 S.W.2d at 75. Yet, we will have left the matter for the federal courts to remedy on federal habeas corpus.

I would reach the merits of applicant's *Penry* claim and grant relief. The majority does not, and for that reason I respectfully dissent.

MALONEY, J., joins.

BAIRD, Judge, dissenting.

The application for writ of habeas corpus pending before this Court alleges ineffective assistance of counsel at trial, supplemented with a claim pursuant to *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). In an unpublished per curiam opinion, this Court rejected applicant's claim of ineffective assistance, but filed and set the claim alleging *Penry* error. *Ex parte Harvey Earvin*, No. 15,921–03, (Tex.Cr.App. delivered July 21, 1989). Today, a majority of this Court decides that the decision to review the *Penry* issue was improvident. I believe the ineffectiveness claim is so compelling that the application of *Penry*, with its attendant complexities, e.g., procedural default, what constitutes mitigating evidence, whether the special issues provide a vehicle for expressing a "reasoned moral response" to mitigating evidence, *Penry*, 492 U.S. at 328, 109 S.Ct. at 2952, need not be reached in this case.[1] I would, on the Court's own motion, file and set applicant's claim of ineffective assistance of counsel.

---

**1.** I believe that the Court's disposition of the *Penry* issue is premature. In *Graham v. Collins*, 896 F.2d 893 (5th Cir.1990), *rehearing granted*, en banc, 903 F.2d 1014, a panel of the Court of Appeals for the Fifth Circuit held that art. 37.-071 failed to provide the jury with a vehicle in which to give effect to the petitioner's mitigating

evidence of youthfulness at the time of the offense. In the case at bar, applicant was eighteen years old at the time of the offense. Instead of perfunctorily dismissing applicant's *Penry* claim, I believe that this Court should wait for further guidance from the federal court system on the issue of youth.

The record in this case, consisting of a scant 674 pages, is replete with examples of counsel's deficient performance. During voir dire the following occurred: 1) counsel failed to object when the prosecutor suggested to four veniremembers who eventually served as jurors on the case to disregard as a mitigating factor that petitioner was eighteen years old at the time of the offense, *Jurek v. State*, 522 S.W.2d 934, 940 (Tex.Cr.App.1975), (age to be considered under special issue two); *Lockett v. Ohio*, 438 U.S. 586, 604, 98 S.Ct. 2954, 2964–65, 57 L.Ed.2d 973 (1978), (sentencer may "not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less that death."), 2) counsel accepted several of the jurors who had knowledge of the case without questioning the veniremembers whether they had formed an opinion about applicant's guilt, *Murphy v. Florida*, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975); (veniremember excludable for cause where he has established a conclusion as to guilt or innocence of defendant that will influence veniremember in his action in reaching a verdict); *Bernard v. State*, 730 S.W.2d 703 (Tex.Cr.App.1987), 3) counsel failed to object when the State informed a veniremember who eventually sat upon the jury that the first special issue concerned intentional behavior, *Marquez v. State*, 725 S.W.2d 217, 244 (Tex.Cr. App.1987) (something more than intentional conduct must be found at the punishment phase of the trial on the issue of deliberateness), and 4) defense counsel failed to object to the exclusion for cause of seven veniremembers who stated opposition to the death penalty where the State failed to establish a basis for their exclusion under *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

The evidence adduced at the guilt/innocence phase consisted largely of accomplice witness testimony and the admission of petitioner's confession. Counsel, however, never cross-examined the accomplices regarding potential bias with respect to their testimony given in exchange for leniency.

Moreover, counsel failed to request a jury charge instruction on accomplice witness testimony. Tex.Code Crim.Proc.Ann. art. 38.14 (a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense). No hearing was ever held challenging the validity of the confession. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). In fact, the only defensive motion filed by trial counsel was a post-trial motion to withdraw as attorney of record. At trial, there was no objection to the admission of the confession. The trial record, likewise, is *devoid of a single defense objection*. Defense counsel never invoked the rule. Counsel allowed a police officer to testify from the autopsy report, relieving the State from having to call the medical examiner.

The jury charge on punishment included the following:

By the term "deliberate", as used in the special issue, is meant with careful consideration or deliberation; with full intent; not hastily or carelessly—as a deliberately formed purpose; with awareness of the consequences."

A person acts with intent with respect to the nature of his conduct, or to the result of his conduct, when it is his conscious objective or desire to engage in the conduct or cause the result.

Counsel never sought the inclusion of a definition of deliberate which would more specifically delineate the differences between that term and the term intentional. This takes on greater meaning given the prosecutor's closing argument which suggested to the jury that a finding of intentional at the guilt/innocence phase necessarily subsumed a finding of deliberateness. Counsel failed to object to this argument, just as he failed to object to the State's voir dire which suggested the same misstatement of law.

I am well aware that this Court has previously rejected petitioner's ineffectiveness claims. I would nonetheless file and

set this petition for writ of habeas corpus and address the ineffectiveness claim pursuant to the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Cr.App.1986).