**Emile Pierre DUHAMEL, Petitioner–Appellee,**

v.

**James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellant.**

**No. 91–2960.**

United States Court of Appeals, Fifth Circuit.

March 2, 1992.

---

Andrea L. March, Asst. Atty. Gen., Don Morales, Atty. Gen., Austin, Tex., for respondent-appellant.

Harold W. Hemstreet, III, Staff Atty., Inmate Legal Services, Sugar Land, Tex., W.L. White, TDCJ–ID Inmate Legal Services, Huntsville, Tex., for petitioner-respondent.

Before JOLLY, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this capital murder case, Emile Pierre Duhamel was convicted by the state of Texas of murdering Jonette Edmunds in the course of committing aggravated sexual assault. He was sentenced to death. In these habeas proceedings that have followed, the Texas courts have upheld this sentence. The federal district court, however, granted Duhamel's petition for habeas relief and commuted his death sentence to life imprisonment. The district court found that Duhamel's trial attorney was ineffective in failing to develop and present mitigating evidence. It also found that Duhamel's appellate attorney was ineffective in failing to challenge the sufficiency of the evidence supporting the jury's affirmative answers to the two special issues raised under the Texas death penalty statute.

On appeal, the state argues that Duhamel did not prove that his attorneys' performance was deficient or that he suffered prejudice from their alleged errors. The state also argues that the district court exceeded its authority in commuting Duhamel's death sentence to life imprisonment.

We hold that Duhamel failed to prove any prejudice from the alleged errors of his trial and appellate attorneys. We also hold that the district court exceeded its authority in commuting Duhamel's sentence. Therefore, we reverse the order of the district court, and remand the case to the district court so that it may consider Duhamel's other assignments of error.

I

On the afternoon of July 1, 1984, Jonette Edmunds, a nine-year-old girl, disappeared from her mother's trailer. The child's semi-nude body was found the next morning in a cornfield near her home. Death was caused by strangulation and there was evidence of sexual assault.

That same afternoon, Emile Pierre Duhamel purchased beer, cigarettes and matches from a country store. According to Duhamel, the girl followed him out of the store because she wanted the puppy that Duhamel had on a leash. Witnesses observed the girl following Duhamel into the cornfield. In an extrajudicial confession, Duhamel stated that he hit the girl several times, choked her until she was dead and then removed her panties. He stated that he did not remember anything after that. The body, surrounded by beer cans and cigarettes, was discovered in the cornfield the morning after her disappearance.

The following testimony was introduced during the punishment phase of the trial. Duhamel served two concurrent six-month sentences for the unauthorized use of a motor vehicle and operating a vehicle under the influence of alcohol. He escaped from prison while serving a three-month sentence for breaking and entering. He was arrested for the assault and battery of a policeman, for which he served a three-month sentence. He was arrested after a seven-year-old boy reported to his parents that Duhamel led him into the woods, jumped on top of him, and grabbed him.

II

Like most of these capital murder cases, this one has a long procedural history. Emile Pierre Duhamel was indicted in 1984 for the capital murder of Jonette Edmunds in the course of committing and attempting to commit aggravated sexual assault. A jury found Duhamel competent to stand trial. A different jury found him guilty, and at the sentencing phase answered "yes" to the two special issues submitted, and accordingly sentenced him to death. The Texas Court of Criminal Appeals affirmed the conviction and the sentence. *Duhamel v. State*, 717 S.W.2d 80 (Tex. Crim.App.1986). The Supreme Court denied certiorari. *Duhamel v. Texas*, 480 U.S. 926, 107 S.Ct. 1387, 94 L.Ed.2d 701 (1987).

Next, Duhamel sought leave to file a writ of mandamus in the Court of Criminal Appeals. Leave was denied without written order. *Duhamel v. Hester*, No. 17,001–01 (Tex.Crim.App.1987). Duhamel then filed his first writ for application of habeas corpus relief in the state trial court. The state court withdrew its warrant of execution, recommended that habeas relief be denied, and transmitted the writ to the Court of Criminal Appeals. The Court of Criminal Appeals ordered an evidentiary hearing on the issue of Duhamel's competency to be executed. *Ex parte Duhamel*, No. 17,001–02 (Tex.Crim.App.1987). The trial court conducted a hearing on this issue, entered findings of fact and conclusions of law, and recommended that relief be denied. The Court of Criminal Appeals concluded that the trial court's findings were supported by the record and denied the writ. *Ex parte Duhamel*, No. 17,001–02 (Tex.Crim.App.1988).

After having been found competent, Duhamel then filed a supplemental application for a writ of habeas corpus and a second supplemental application in the state trial court. Both were denied. *Ex parte Duhamel*, No. 17,001–03 (Tex.Crim.App.1989). Duhamel requested a second stay of execution from the Criminal Court of Appeals. It was denied. *Ex parte Duhamel*, No. 17,001–04 (Tex.Crim.App.1989).

Duhamel then filed this federal petition for writ of habeas corpus and an application for stay of execution in February 1989. The district court granted the stay and ordered the state to respond. After the state responded, the district court issued a Memorandum and Order commuting Duhamel's death sentence to life imprisonment. *Duhamel v. Collins*, No. 89–026 (S.D.Tex. Aug. 18, 1991). In his petition for habeas relief, Duhamel listed thirty-four grounds for relief. The district court only addressed two of these grounds. It found that the trial lawyer provided ineffective assistance of counsel because he failed to develop and present any mitigating evidence. The district court also concluded that the appellate attorney provided ineffective assistance of counsel because he failed to challenge the sufficiency of the evidence supporting the jury's affirmative answers to the two special questions.[1] The state now appeals the district court's ruling.

### III

The issues on appeal are relatively simple and straightforward. The state contends that Duhamel did not prove that either the trial or appellate attorney's performance was deficient or that he was prejudiced by the alleged deficiency, as required by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The state also argues that the district court exceeded its authority in commuting Duhamel's death sentence to life imprisonment.

We hold that the district court erred in concluding that the two attorneys provided ineffective assistance of counsel and in commuting Duhamel's death sentence to life imprisonment. Therefore, we reverse the order of the district court and remand the case to the district court so that it may review Duhamel's other assignments of error.

### IV

■ In order to demonstrate a violation of the Sixth Amendment right to counsel, a petitioner must show that his counsel's performance was deficient, and that this deficiency prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. To prove that an attorney's performance was deficient, the petitioner must point to specific acts or omissions that are "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. at 2066. To prove that an attorney's deficient performance was prejudicial in a death penalty case, the petitioner must show that there

---

1. The jury found that "the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that ... death ... would result" and that there was a "probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society." Tex.Code Crim.Proc.Ann. art. 37.071.

was a reasonable probability that, absent the errors, the sentencer would not have sentenced the petitioner to death. *Id.* at 695, 104 S.Ct. at 2068. If the petitioner fails to prove either one of the prongs, the court may dispose of the claim and need not address the other prong. *Id.* at 697, 104 S.Ct. at 2069.

### A

■■■ The district court held that the trial attorney provided ineffective assistance of counsel because he failed to develop and present mitigating evidence at the punishment phase of the trial. The district court pointed to mitigating evidence that was produced at Duhamel's *Ford v. Wainwright* [2] hearing to support its conclusion that there was mitigating evidence that the trial attorney could have and should have discovered. This mitigating evidence includes evidence that Duhamel was moderately mentally retarded with an IQ of 56, that he failed every grade but kindergarten, that his father abused his mother, and that he was an alcoholic vagrant.[3] The district court found that "[t]he evidence and existence of mental retardation and an abused background may have been adequate for the jury, upon proper instructions, to have answered 'No' to one of the special issues during the punishment phase of trial."

We disagree with the conclusions reached by the district court. We note at the outset that the district court did not apply the correct prejudice standard under *Strickland.* It found that a jury may not have sentenced Duhamel to death, not that there was a reasonable probability that the jury would not have sentenced Duhamel to death. We hold that even if the mitigating evidence had been presented to a jury, there is not a reasonable probability that a jury, given a proper instruction, would have answered "No" to one of the special issues.[4] Duhamel sexually assaulted and brutally murdered a nine-year-old girl. Duhamel has been arrested and served time for several other offenses. The mitigating evidence is weak: Duhamel was moderately retarded and his father was abusive towards his mother. There is not a reasonable probability that a jury considering the very strong evidence of guilt, the age of the victim, the brutality of the murder, the apparent lack of remorse, and the evidence that supported the affirmative answers to the two special questions would have been persuaded by the minimal mitigating evidence to sentence Duhamel to life imprisonment rather than to death. Therefore, because Duhamel failed to show that he was prejudiced by the failure to present mitigating evidence, the district court erred in granting relief on grounds that the trial attorney provided ineffective assistance of counsel.[5]

**2.** 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986).

**3.** The state points out that Duhamel tested at an IQ of 86 when he was ten, that Duhamel did not, in fact fail every grade, that Duhamel does not allege that he, himself was abused, and that Duhamel's father's medical records show that his father was abusive towards his mother when Duhamel was twenty-five.

**4.** Duhamel was sentenced before the Supreme Court decided *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). In *Penry,* the Court held that upon request, a defendant was entitled to an instruction to the jurors that they could answer "No" to one of the special questions if they thought the mitigating evidence showed that the defendant did not deserve the death penalty, even if they thought the answer to the question was "Yes." *Id.* 109 S.Ct. at 2949–2952. We do not decide what the

appropriate prejudice standard is for an ineffective assistance of counsel claim brought by a petitioner who was sentenced before *Penry,* i.e., whether there must be a reasonable probability that a jury, given a *Penry* instruction, would not have sentenced the petitioner to death or whether there must be a reasonable probability that a jury, in the absence of a *Penry* instruction, would not have sentenced the petitioner to death. For the purposes of this case, we will assume that the standard is whether there is a reasonable probability that a jury, given a *Penry* instruction, would not have sentenced Duhamel to death. We hold that if the mitigating evidence had been presented to a jury and if the jury had been given a *Penry* instruction, there is not a reasonable probability that the jury would not have sentenced Duhamel to death.

**5.** We do not reach the issue of whether the trial attorney's performance was deficient since we find that his alleged deficiency was not prejudicial under *Strickland.*

## B

■ The district court held that the appellate attorney provided ineffective assistance of counsel for failing to challenge the sufficiency of the evidence supporting the jury's affirmative answers to the two special questions. The Supreme Court has held that "[a] first appeal as of right ... is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985). The *Strickland* standard also applies to ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir.1991). In order to prove that his appellate attorney's alleged error was prejudicial, Duhamel must show that the neglected claim would have had a reasonable probability of success on appeal. *Id.* at 1132. If Duhamel's attorney had challenged the sufficiency of the evidence to support the jury's affirmative answers to the special issues, a Texas court would have viewed the evidence in the light most favorable to the jury's affirmative answers in order to determine whether a rational trier of fact could have found beyond a reasonable doubt that Duhamel acted deliberately and was a continuing threat to society. *Williams v. State*, 773 S.W.2d 525, 538 (Tex.Ct.App.1988), *cert. denied*, 493 U.S. 900, 110 S.Ct. 257, 107 L.Ed.2d 207 (1989).

■ A rational factfinder could have found beyond a reasonable doubt that Duhamel deliberately choked the girl with the expectation that death would result. The offense itself provides compelling evidence that Duhamel acted deliberately. He led the girl into the cornfield, and then beat, choked, and sexually assaulted her. *See Rector v. State*, 738 S.W.2d 235, 242 (Tex. Ct.App.1986), *cert. denied*, 484 U.S. 872, 108 S.Ct. 202, 98 L.Ed.2d 153 (1987) (court found that offense itself was compelling evidence that appellant acted deliberately in case where defendant abducted victim, isolated her from potential rescue, stripped her of her clothing and possibly sexually assaulted her before shooting her in the head). Thus, there is not a reasonable probability that Duhamel's appellate attorney would have been successful in challenging the sufficiency of the evidence to support the jury's affirmative answer to the first special question.

■ A rational factfinder could also have found beyond a reasonable doubt that Duhamel presented a continuing threat to society. The jury heard evidence of Duhamel's guilt in this particular offense and was also presented with evidence of several other arrests and convictions, some for offenses which involved the use of force. The jury could have also reasonably concluded that Duhamel lacked remorse for his crime. Viewing the evidence in the light most favorable to the jury's affirmative response, we find that a rational factfinder could have found beyond a reasonable doubt that Duhamel presented a continuing threat to society. We therefore hold that there is not a reasonable probability that Duhamel's appellate attorney could have been successful in challenging the sufficiency of the evidence supporting the jury's affirmative answer to the second special issue. Consequently, Duhamel has not proved the prejudice required by *Strickland* because he has not shown that there is a reasonable probability that his appellate attorney would have been successful in challenging the sufficiency of the evidence supporting the jury's affirmative answers to the two special questions. It thus follows that Duhamel's appellate attorney did not provide ineffective assistance of counsel in failing to make such a challenge.

Duhamel argues that the district court's opinion implies that the appellate attorney was also ineffective in failing to challenge the effectiveness of the trial attorney. Since we have already determined that Duhamel's trial counsel was not ineffective, Duhamel's claim that his appellate attorney was ineffective in failing to raise this issue must necessarily fail.

■ The district court also stated that Duhamel's appellate attorney could have brought a *Penry* claim on appeal, even though no *Penry* claim was made at trial.

*Selvage v. Collins*, 816 S.W.2d 390, 392 (Tex.Ct.App.1991) (failure to bring *Penry* claim at trial not a procedural bar to bringing *Penry* claim on appeal). In *Selvage*, however, the defendant had introduced mitigating evidence at trial. The Texas Court of Criminal Appeals has held that it will not consider mitigating evidence that was not introduced at trial. *Ex parte Goodman*, 816 S.W.2d 383, 386 n. 6 (Tex.Ct.App.1991); *Ex parte Ellis*, 810 S.W.2d 208, 212 n. 6 (Tex.Ct.App.1991). In the case at hand, Duhamel's appellate attorney could not have brought a successful *Penry* claim on appeal since no mitigating evidence was introduced at trial. Thus, we hold that the district court erred in finding that Duhamel's appellate attorney provided ineffective assistance of counsel.

## V

█ The state also argues that the district court exceeded its authority in commuting Duhamel's death sentence to life imprisonment. We agree. A federal district court is empowered under 28 U.S.C. § 2243 to "dispose of the matter as law and justice require." It can delay the release of a successful habeas petitioner in order to provide the state an opportunity to correct the constitutional violation found by the state. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S.Ct. 2113, 2118, 95 L.Ed.2d 724 (1987). A federal court does not, however, have the authority to commute a death sentence to life imprisonment:

> Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner.

*Fay v. Noia*, 372 U.S. 391, 430–431, 83 S.Ct. 822, 844, 9 L.Ed.2d 837 (1963). Therefore, the district court did exceed its authority in commuting Duhamel's death sentence to life imprisonment, and the district court's judgment in this respect is vacated.

## VI

We hold that the district court erred in holding that Duhamel's trial attorney and appellate attorney provided ineffective assistance of counsel. Duhamel failed to prove prejudice from their alleged errors, as required by *Strickland*. There is not a reasonable probability that the mitigating evidence would have persuaded a jury to sentence Duhamel to life imprisonment rather than to death. Nor is there a reasonable probability that Duhamel's appellate attorney could have been successful in challenging the sufficiency of the evidence supporting the jury's affirmative answers to the special issues, in arguing that Duhamel's trial attorney was ineffective, or in bringing a *Penry* claim on appeal. We also hold that the district court exceeded its authority in commuting Duhamel's death sentence to life imprisonment. Therefore, the judgment of the district court is REVERSED and VACATED and the case is REMANDED so that the district court can consider Duhamel's other grounds for habeas relief.

REVERSED, VACATED, and REMANDED.