NUMBER 13-00-287-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI


___________________________________________________________________

RICARDO ENRIQUE HERNANDEZ, Appellant,

v.


THE STATE OF TEXAS, Appellee.

___________________________________________________________________

 On appeal from the 197th District Court of Cameron County, Texas.


O P I N I O N


Before Chief Justice Valdez and Justices Dorsey and Rodriguez


Opinion by Justice Rodriguez


Waiving his right to trial by jury, appellant, Ricardo Enrique Hernandez, pleaded guilty to the unlawful
possession of a controlled substance, namely cocaine, in the amount of four grams or more but less than
200 grams. The court found appellant guilty and assessed punishment at fourteen years confinement in
the Texas Department of Corrections. By three issues, appellant contends he was denied equal
protection, effective assistance of trial counsel, and his Fourth Amendment right against illegal search and
seizure. We affirm.

By his first issue, appellant contends he was denied equal protection when the State sought greater
punishment for not pleading guilty, thus, violating his Fourth and Fourteenth Amendment constitutional
rights. Appellant asserts that his poverty was the true basis for the State's decision to enhance his
charge. He claims the State's action indicates an institutional impartiality against the poor who are unable
to provide private counsel or to pay to investigate their own cases to their satisfaction. Appellant alleges
this is an institutional discrimination against indigents by the prosecution.

Bringing the above argument for the first time on appeal, appellant acknowledges that, in order to
preserve this issue for review, he should have presented to the trial court a timely motion or objection,
stating the specific grounds for the ruling desired. See Tex. R. App. P. 33.1(a). Our review of the record
finds no such objection or motion related to appellant's first issue. We conclude appellant has failed to
preserve this issue for our review. Nonetheless, appellant asserts that the specific grounds are apparent
from the context and any required objection should be excused. See id. at 33.1(a)(1)(A). We disagree.

The record reveals that on December 2, 1999, counsel was appointed and appellant was arraigned. 
Appellant pleaded not guilty. The trial on the merits, originally set for January 18, 2000, was reset on
one occasion and continued by agreement on another. On February 8, 2000, the State filed its Notice of
Intention to Seek Enhanced (Repeat Offender) Range of Punishment. In support of his argument, appellant
refers us to the following statement made by the State to the trial court.

The case with [appellant], 99-CR-1255-C, that's the one which we talked to you Friday. That's the one I
need leave of court for a few days to go file the enhancement on him. [Appellant's trial counsel] has no
problem with that. She just needs her ten days' notice. [Appellant] does not want to plea at this point, so
we told him that we would seek the enhancement.

Appellant's counsel filed a motion to suppress evidence on February 25, 2000. However, on March 6,
2000, before the motion was heard and after the prosecution offered to recommend a sentence of twenty
years, appellant was re-arraigned and pleaded guilty to the offense charged. The trial court assessed
fourteen years rather than the recommended twenty, to run concurrently with another sentence. We
conclude the grounds appellant now argues are not apparent from the record. Accordingly, issue one is
overruled.

By his second issue, appellant contends he was denied effective assistance of counsel as provided for by
the Sixth Amendment. He maintains that because of his poverty he was denied the tools of effective
representation. Appellant asserts that had he not been indigent and had been able to afford "counsel of
choice," he could have "used his pocketbook as a counterweight against the threat which was made
against him." Furthermore, appellant complains that "he had no choice but to forgo the wisdom of
counsel to pursue her motion to suppress in exchange for a return of the status quo." Appellant
complains that "[t]he integrity of the attorney-client relationship [was] destroyed by the [State's] threat of
enhanced prosecution," because if he had "permitted his [c]ounsel to use those skills his [c]ounsel was
trained to exercise, he would [have been] slaughtered in the process."

While appellant couches this argument as ineffective assistance of counsel, we conclude it is solely an
extension of the equal protection arguments urged in his first issue. Applying the same analysis, we
conclude appellant has failed to preserve this issue for our review. See Tex. R. App. P. 33.1(a). 
Accordingly, the second issue is overruled.

By his third issue, appellant complains of a violation of his Fourth Amendment right against illegal search
and seizure. Appellant acknowledges that by failing to urge his motion to suppress, he arguably has failed
to preserve error related to the alleged illegal search and seizure. See Tex. R. App. P. 33.1(a). Appellant
contends, however, that he has not waived his Fourth Amendment right because a new right, set out in
Bond v. United States, 529 U.S. 334, 339 (2000), applies in this case. See Selvage v. State, 816
S.W.2d 390, 391-92 (Tex. Crim. App. 1991); Ex Parte Sanders, 588 S.W.2d 383, 384 (Tex. Crim. App.
1979).

In Bond, the Supreme Court held that a border patrol agent's physical manipulation of a passenger's carry-on bag placed directly above his seat on a bus violated the Fourth Amendment. See id. Appellant argues
that under Bond, the officer's search of his person violated his Fourth Amendment rights. We conclude,
however, that nothing in Bond suggests we should extend this new principal regarding physical
manipulation of luggage to the facts of this case. The record shows that appellant was arrested after
officers responded to a disturbance. After being allowed to enter the house, an officer observed appellant
sitting at a table in front of cocaine paraphernalia, including a straw and razor blade. Appellant attempted
to hide and remove the items from the table. The officer also observed a bottle of Crown Royal on the
table. Appellant had red blood-shot eyes and slurred speech, was sweating profusely, and acted
extremely nervous. The cocaine was discovered through a pat-down of appellant's clothing. In the front
left pocket of appellant's pants, the officer felt a soft lump or bulge. In the pocket of the blue jeans, the
officer could see a small portion of a clear plastic bag containing a white powder. He removed the bag
and discovered it contained cocaine.

To invoke the protections of the Fourth Amendment, a person must show he had a "legitimate
expectation of privacy" established by demonstrating a subjective expectation that his activities would be
private, and he must show that his expectation was "one that society is prepared to recognize as
reasonable." Bond, 529 U.S. 334, 338 (quoting Smith v. Maryland, 442 U.S. 735, 740 (1979)). 
Appellant fails to provide us with any argument or authority to support his contention that Bond should
apply to the facts of this case. See Tex. R. App. P. 38.1(h) (brief must contain clear and concise
statement of argument for contentions made, with appropriate citations to authorities and record). 
Accordingly, we conclude appellant waived any right that existed at the time of his conviction by failing to
urge his motion to suppress, and has waived any new right set out in Bond by failing to adequately brief
the argument. Appellant's third point is overruled.

The trial court's judgment is AFFIRMED. 

NELDA V. RODRIGUEZ

Justice

Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed

this 16th day of August, 2001.