IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-70016

RODNEY CHARLES RACHAL,

> Petitioner - Appellant,

v.

NATHANIEL QUARTERMAN, Director, Texas Department of Criminal
Justice, Correctional Institutions Division,

> Respondent - Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-05-CV-4394

---

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Rodney Rachal requests a certificate of appealability (COA) in this capital case in order to appeal the district court's dismissal of his federal habeas petition under 28 U.S.C. § 2254. Because Rachal has not shown that reasonable jurists would disagree with the district court's resolution of his claims, or that the court abused its discretion in denying a stay and abeyance, we deny his request for a COA.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BACKGROUND

A more detailed account of Rachal's offense is found in the district court's memorandum, but the following facts are sufficient for our review. In October 1990, Rachal and several friends formed a plan to commit robbery. The group traveled to an apartment complex known for a high rate of pedestrian traffic. Rachal and two others laid in ambush while the two female members of the group, dressed seductively, lured three men to where the others were waiting. Rachal confronted the victims with a .357 caliber handgun, ordered them to lie down, and began searching them. At this point two bystanders noticed the robbery in progress and attempted to run away. Rachal ordered his accomplices to stop them, and shots were fired at the fleeing men. Without provocation, one of Rachal's accomplices then shot one of the prostrate victims in the back, killing him. Rachal, also without provocation, shot the other two robbery victims in the head, killing one of them. As Rachal was leaving the scene, he encountered another bystander, who became his fourth victim. Rachal robbed the man and ordered him to kneel. Fearing execution, the man pleaded for his life instead. Rachal shot him in the lower chest and abdomen. This man survived.

Rachal was arrested a few days later in possession of a .357 caliber handgun. He provided the police with a detailed written confession, which was admitted at trial. A jury convicted him of capital murder in October 1992. At the punishment phase, the defense called several witnesses, including family members who testified to Rachal's difficult childhood, and law enforcement and prison employees who testified to Rachal's good behavior. The court submitted two special issues to the jury, asking them to decide whether Rachal committed the crime deliberately and whether he would pose a continuing threat to society.

The jury answered both special issues in the affirmative, and Rachal was sentenced to death.

Rachal appealed, and the Texas Court of Criminal Appeals affirmed the conviction and sentence. Rachal v. State, 917 S.W.2d 799 (Tex. Crim. App. 1996). The Supreme Court denied review. Rachal v. Texas, 519 U.S. 1043 (1996). Rachal filed his initial state habeas petition in March 1997, and the lower state habeas court issued findings of fact and conclusions of law in October 2004. After reviewing the record the Texas Court of Criminal Appeals adopted the lower court's findings and conclusions, and denied habeas relief in March 2005. Rachal's federal habeas action followed.

In his federal habeas petition Rachal asserted 22 grounds for relief. The district court held that most of these claims were procedurally barred because Rachal did not raise them in state court. In the alternative the district court held that none of Rachal's claims warranted relief on the merits. The district court dismissed Rachal's habeas petition and sua sponte denied a COA on all issues. Rachal now applies to this court for a COA on six issues, namely: two requests for a stay and abeyance to exhaust his state court remedies, two claims of ineffective assistance of counsel, a Penry objection, and an evidentiary objection pertaining to the punishment phase of his trial. As a preliminary matter, we note that not all of these claims were presented to the district court.

## STANDARD OF REVIEW

Rachal's § 2254 habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See Penry v. Johnson, 532 U.S. 782, 792 (2001). AEDPA requires that Rachal obtain a COA before he can appeal the district court's denial of habeas relief. 28 U.S.C. § 2253(c)(1). A COA

will issue only when the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336 (internal quotations and citation omitted).

A COA ruling is "not the occasion for a ruling on the merits of petitioner's claim." Id. at 331. Rather, at this stage we engage in an "overview of the claims in the habeas petition and a general assessment of their merits." Id. at 336. Because this case involves the death penalty, any doubts as to whether a COA should be issued must be resolved in the petitioner's favor. Bigby v. Dretke, 402 F.3d 551, 557 (5th Cir. 2005).

## DISCUSSION

We divide our review of Rachal's issues into three categories: (1) the claims he failed to exhaust in state court; (2) his requests for a stay and abeyance pending further action in state court; and (3) the claims that, to some extent, are preserved for federal habeas review.

A.    Unexhausted Claims

As the district court noted, the concept of procedural default is particularly relevant in this case. At every level of review Rachal has asserted new claims that he has not raised previously. Even before this court Rachal seeks relief he did not request from the court below. We agree with the district court that most of Rachal's claims are procedurally barred for failure to exhaust his state court remedies.

The law requires that "a state prisoner seeking to raise claims in a federal petition for habeas corpus ordinarily must first present those claims to the state court and must exhaust state remedies." Martinez v. Johnson, 255 F.3d 229, 238 (5th Cir. 2001) (citing 28 U.S.C. § 2254(b)). If the petitioner fails to follow these procedures, his claims are procedurally defaulted and typically will not be regarded as grounds for federal habeas relief. Id. at 239 (citing Keeney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992)). A petitioner can overcome a procedural bar if he can demonstrate (a) cause for the default, and (b) actual prejudice as a result of the alleged violation of federal law. Id. (citing Jones v. Johnson, 171 F.3d 270, 277 (5th Cir. 1999).[1] As the court below properly noted, allegations that are proffered as "cause" for a procedural default are themselves subject to the exhaustion requirement; they must be presented to the state court before they may be raised on federal habeas review. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000) ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted . . . .")

Here, Rachal seeks a COA on two claims that he plainly failed to exhaust in state court. The first is his argument that his trial counsel was ineffective for not discovering and presenting more mitigating evidence at the punishment phase. Specifically, Rachal argues his attorney should have presented more evidence concerning Rachal's difficult upbringing, troubled family, and medical difficulties. We agree with the court below that this evidence is largely

---

[1] A petitioner may also overcome a procedural bar under the "miscarriage of justice" exception by showing actual (as opposed to legal) innocence. Calderon v. Thompson, 523 U.S. 538, 559 (1998). This exception is not implicated here, because Rachal does not argue that he did not commit this crime.

cumulative of the testimony provided by the six defense witnesses who were called at the punishment phase. More importantly, Rachal did not raise this claim on direct appeal[2] or in his state habeas proceedings, and he has not shown cause excusing his failure to do so. This issue, raised for the first time on federal habeas review, is procedurally barred for failure to exhaust. The district court's conclusion to this effect was not debatable or wrong, and we deny COA.

Rachal's other unexhausted claim is that the Texas "special issues" jury instructions did not give the jury an adequate vehicle for considering all relevant mitigating evidence at the punishment phase. This is essentially a claim that the jury instructions violated the rule articulated in Penry v. Lynaugh, 492 U.S. 302 (1989). Penry was decided well before Rachal's trial in 1992, and as Rachal himself points out, the Texas legislature had amended section 37.071 of the Texas Code of Criminal Procedure in 1991 to conform with Penry's requirements. If Rachal believed that the jury instructions in his trial were inconsistent with Penry or Texas law, he could have raised this claim both on direct appeal and in his state habeas proceedings. The record shows that he did neither, and Rachal has made no showing of cause to excuse this failure to exhaust.[3] Consistent with the Supreme Court's holding in Gray v. Netherland, 518 U.S. 152, 161 (1996), this claim is procedurally barred and provides no grounds for relief on federal habeas review. The district court's conclusion to this effect was not debatable by reasonable jurists, and we deny COA.

---

[2] Rachal's counsel on appeal was not the same attorney who represented him at trial.

[3] Rachal's reliance on Selvage v. Collins, 816 S.W.2d 390 (1991) is misplaced. Selvage excuses the failure to raise a Penry claim in state court only when the alleged error occurred prior to the handing down of Penry v. Lynaugh, 492 U.S. 302 (1989). This reasoning does not apply here, where the authority Rachal relies on was well-established at the time of his trial.

Faced with the prospect of procedural default, Rachal makes only a limited attempt to show cause for his failure to exhaust his claims below. In his amended federal habeas petition, Rachal argued that his AIDS-related illness prevented him from assisting his attorney with the writing of the state habeas brief. This argument, viewed in any light, does not constitute grounds for relief. To the extent Rachal offers this as cause for his failure to exhaust his substantive claims in state court, he did not exhaust this excuse in state court, and thus is barred from raising it here. Edwards, 529 U.S. at 453.[4] Insofar as Rachal argues his state habeas counsel was ineffective, the rule is well-established that the ineffectiveness of state habeas counsel is not grounds for excusing procedural default. 28 U.S.C. § 2254(i); Jones v. Johnson, 171 F.3d 270, 277 (5th Cir. 1999) (noting that there is no constitutional right to counsel in state post-conviction review). Rachal has not shown cause for failing to exhaust these various claims, and the district court's finding that they are procedurally defaulted was not debatable by jurists of reason.

B.    Requests for Stay and Abeyance

In his application to this court, Rachal raises two requests for a stay and abeyance so that he might exhaust certain claims in state court. Under some circumstances, a federal court may retain jurisdiction over meritorious claims and stay proceedings pending complete exhaustion of state remedies on other claims. Rhines v. Weber, 544 U.S. 269, 275 (2005). Rhines requires, among other things, that a petitioner seeking a stay and abeyance show that his unexhausted

---

[4] Rachal's failure to raise his AIDS argument in state court could itself be excused upon the showing of proper cause and prejudice. See Edwards, 529 U.S. at 453. Rachal makes no showing that he could not have raised the AIDS argument before the state court prior to seeking federal habeas relief.

claims are not "plainly meritless." Id. at 277. The district court held that Rachal failed to meet the Rhines requirements, and we agree. Nonetheless, we need not discuss Rhines because Rachal's requests fail for more fundamental reasons.[5]

First, Rachal seeks a stay and abeyance on his challenge to the Texas lethal injection protocol. Claims challenging the method of execution cannot be raised in a habeas proceeding because they do not concern the fact or duration of a sentence. Hill v. McDonough, 126 S. Ct. 2096, 2102 (2006). This challenge sounds in civil rights, not habeas, law. Id. The district court dismissed Rachal's habeas challenge to the lethal injection process without prejudice, "so that [Rachal] may advance his arguments in federal court pursuant to 42 U.S.C. § 1983 or in state court if he wishes." This decision was not incorrect.

Second, Rachal asks this court for a stay and abeyance so that he might exhaust his ineffective assistance of counsel claims in state court. We cannot address this issue because Rachal never requested this stay and abeyance from the district court.[6] See Johnson v. Puckett, 176 F.3d 809, 814 (5th Cir. 1999). The court neither erred nor abused its discretion.

C.     Claims Not Entirely Defaulted

---

[5] The State acknowledges that a Rhines decision of the district court, being a procedural ruling, should be reviewable for abuse of discretion only and does not require a COA. See Dunn v. Cockrell, 302 F.3d 491, 492 (5th Cir. 2002); but cf. Neville v. Dretke, 423 F.3d 474, 479-81 (5th Cir. 2005).

[6] In the district court Rachal filed a Motion to Stay and Abey Proceedings, seeking to return to state court to exhaust two specific issues:  (1) his challenge to the lethal injection protocol, and (2) a claim concerning changes in Texas law allowing imposition of a life sentence without parole.  Rachal renews only the first request before this court.

Two of the issues Rachal raises before this court are not entirely barred. First, Rachal argues that the trial court violated his right to effective legal assistance by appointing only one attorney for his defense.[7]  Rachal raised this claim on state habeas review, but the state court held the claim was procedurally barred under Texas law because Rachal failed to raise it on direct appeal.  See Ex parte Gardner, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996) (holding that claims not raised on direct appeal are procedurally barred at state habeas stage). On federal habeas review, the district court also applied a procedural bar, citing the rule that where a state habeas claim is defaulted on adequate and independent state grounds, a federal procedural bar results.  See, e.g., Aguilar v. Dretke, 428 F.3d 526, 535 (5th Cir. 2005) (noting that Gardner is an adequate state basis for procedural default).  This rule, while correctly stated below, may not apply to this case.

The fact that this claim was procedurally defaulted under Gardner at the state habeas level does not end our inquiry.  A federal bar follows from state procedural default only when the state procedural rule was "firmly established and regularly followed by the time as of which it is to be applied."  Busby v. Dretke, 359 F.3d 708, 718 (5th Cir. 2004) (quoting Ford v. Georgia, 498 U.S. 411 (1991)).  In this case, it is not clear that the Gardner rule was "firmly established" early enough to result in a federal procedural bar of Rachal's claim. Gardner was handed down in December 1996, after Rachal's direct appeal was decided, but before his state habeas proceeding.  As we noted in Busby, this court has not yet decided whether the Gardner rule must have been established by the time of direct appeal, or the time of state habeas review, to result in a federal

---

[7] Rachal refers to this as "court-induced ineffective assistance of counsel."

procedural bar. Id. at 719. The Busby court concluded it was unnecessary to resolve this question, finding the merits of the case before it dispositive. We reach the same conclusion today.

The court below held in the alternative that Rachal had not shown the trial court violated his constitutional rights by appointing him only one lawyer. Rachal cites various sources to support his claim that more than one defense attorney should be appointed in a capital case: changes in Texas law after 2001, law governing capital trials in federal court, and American Bar Association standards. Rachal does not, however, direct this court to any authority showing that "clearly established federal law, as determined by the Supreme Court of the United States" required the appointment of a second attorney in this capital murder trial. 28 U.S.C. § 2254(d)(1). As courts routinely recognize, there is no constitutional right per se to appointment of co-counsel in a capital case. Sosa v. Dretke, 133 F. App'x 114, 125 (5th Cir. 2005); Riley v. Taylor, 277 F.3d 261, 306 (3d Cir. 2001).

Nor has Rachal demonstrated that the denial of co-counsel deprived him of his constitutional rights in this particular case. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Under the "prejudice" prong from Strickland, Rachal cannot establish denial of effective assistance of counsel unless his attorney's deficient performance affected the outcome of either phase of his murder trial. Rachal concedes that the guilt phase of his trial was a "forgone conclusion," due to his own confession and the evidence against him. He does not contend that additional counsel would have altered the jury's guilty verdict. As to the punishment phase, Rachal did not make a timely effort to show that more mitigating evidence was available and would have affected his sentence.

His claims on this point are procedurally barred as explained above. The district court's decision to deny relief on this claim was not debatable or incorrect, and we deny COA.

The final issue we address was, to some extent, exhausted in state court. Rachal challenges the trial court's decision at the penalty phase to admit evidence that Rachal committed another, unindicted homicide. Rachal has exhausted this claim insofar as he argues that the trial court's admission of this evidence violated his due process rights.[8] A federal court will not grant habeas relief based on a state court's evidentiary ruling unless it violates a specific constitutional right or is "so egregious that it renders the petitioner's trial fundamentally unfair." Brown v. Dretke, 419 F.3d 365, 376 (5th Cir. 2005). The court below denied relief on this point, noting that the Fifth Circuit has consistently held the admission of unadjudicated offenses at the punishment phase does not violate a criminal defendant's due process rights. E.g., Beazley v. Johnson, 242 F.3d 248, 262 (5th Cir. 2001). The district court further concluded that evidence of this unindicted homicide was relevant to the question of future dangerousness. See Williams v. Lynaugh, 814 F.2d 205, 207 (5th Cir. 1987) ("The focus of the Texas capital sentencing structure is to have all the relevant evidence before the jury when answering the special issues which determine whether the death penalty will be imposed.").

---

[8] In his state habeas petition, Rachal argued only that the admission of this testimony deprived him of "due process and due course of law." Later, in his federal habeas petition, Rachal made a very brief argument that this testimony violated his "6th, 8th, 13th and 14th amendment rights under the Constitution." We agree with the court below that this claim is unexhausted insofar as it relies on legal theories distinct from those stated in state court. See Finley v. Johnson, 243 F.3d 215, 219 (5th Cir. 2001) (noting exhaustion requirement not met if petitioner presents new legal theories or factual claims in federal habeas petition). Accordingly we consider only Rachal's due process arguments on this point.

The relevant details are as follows.  In May 1990, just months before the murder in this case, Rachal shot and killed a man named Charles Wilson.  The killing was presented to a grand jury, which refused to indict Rachal, returning a "no-bill."  At the punishment phase of this trial, after Rachal had been convicted of murder, the prosecution presented testimony from a police officer concerning the facts of the Wilson killing.  After the police officer testified, Rachal called the prosecutor who had presented the Wilson case to the grand jury.  The prosecutor testified that, in his view, the facts of the Wilson homicide were consistent with self-defense, and the "evidence was such that a fair jury would probably have concluded that it was self-defense."  At closing argument the state pointed out that just months after killing Wilson, arguably in self-defense, Rachal deliberately committed armed robbery and killed another man.  Rachal argues that the trial court erred in admitting evidence of this unindicted homicide at the penalty phase because, in his words, it was "legally justified conduct."

In concluding that the admission of this evidence did not violate the Constitution, the district court noted that Rachal overstated the meaning of a no-bill when he claimed the Wilson killing was a "justified" or "lawful" act.  As the state appeals court pointed out on direct review, "[t]he Grand Jury's no-bill of the Wilson homicide does not mean it was justified, lawful, or in self-defense. . . . A Grand Jury's no-bill is merely a finding that the specific evidence brought before the particular Grand Jury did not convince them to formally charge the accused with the offense alleged."  Rachal v. State, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996).  Rachal has not shown why this unadjudicated killing should have been treated differently from other unadjudicated conduct that is routinely

12

held admissible at the penalty phase. E.g., Harris v. Johnson, 81 F.3d 535, 541 (5th Cir. 1996).

Even if the Wilson killing was justifiable self-defense, this does not mean it was irrelevant to the question of Rachal's future dangerousness. The district court agreed with the state court's observation, "That [Rachal] knowingly and willingly placed himself in, and sought after, circumstances facilitating homicide soon after Wilson's killing, demonstrates a callousness and lack of reflection about taking human life which tends to increase the probability that [Rachal] is a future danger." Rachal, 917 S.W.2d at 807-808. In this manner the Wilson homicide was relevant to the question of future dangerousness, and Rachal has not shown that the evidence was more prejudicial than probative. See also Jurek v. Texas, 428 U.S. 262, 276 (1976) ("What is essential is that the jury have before it all possible relevant information about the individual defendant whose fate it must determine."). The jury was presented with the entire truth about the Wilson homicide, both the prosecutor's opinion that it may have been self-defense, and its proximity to the robbery and murder that Rachal deliberately committed shortly thereafter. The district court concluded the admission of this evidence was "not so egregious as to violate the Constitution," and this holding is neither debatable nor incorrect. We accordingly deny COA.

## CONCLUSION

Rachal has failed to show that jurists of reason would debate the district court's dismissal of his petition on procedural and substantive grounds. The application for COA is accordingly DENIED.