IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20475

_____


CARL THOMAS CORTE,

                                              Petitioner-Appellee,

                         versus

GARY L. JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional Division,

                                              Respondent-Appellant.
_____

            Appeal from the United States District Court for the
                        Southern District of Texas
                            (H-96-CV-1806)
_____
                            April 7, 2000

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Carl Corte seeks habeas corpus relief, charging that his
sentence was unconstitutional.  The magistrate judge vacated the
sentence and ordered the state court to release Corte within ninety
days "unless the State of Texas, within such 90-day period, either
retries or releases Carl Thomas Corte."  We vacate the order and
remand with instruction.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Corte was convicted in Texas state court in 1981 of aggravated robbery. Corte had a 1957 conviction for forgery that was used to enhance his sentence in the 1981 matter. After unsuccessfully seeking relief from Texas state courts, Corte filed a petition for writ of habeas corpus in federal court in June 1996. The basis for both his state and federal claims was that the 1957 conviction was invalid because he was not represented by counsel at sentencing; accordingly, the conviction should not have been used to enhance his sentence for his 1981 offense.

The parties consented to proceed before a federal magistrate judge. The magistrate judge determined that the state habeas court's adjudication of Corte's claims was based on an unreasonable application of clearly established federal law because the state court placed the burden of proof on Corte for establishing that he was not represented by counsel in the 1957 proceeding. But the magistrate judge dismissed the application on the grounds that Corte had unreasonably delayed bringing his claim, and that this had prejudiced the State. On appeal, this court vacated the judgment and remanded for an evidentiary hearing on unreasonable delay and prejudice.

On remand, the magistrate judge determined that Corte's delay was excusable and that the State failed to demonstrate prejudice. The magistrate judge found that Corte lacked counsel at his 1957 sentencing hearing and that the State failed to demonstrate that

Corte had waived counsel. Thus, the magistrate judge determined that Corte's 1957 conviction was invalid and should not have been used to enhance his sentence in 1981.

The magistrate judge then determined that Corte was entitled to a new trial, as opposed to resentencing, because he had been convicted and sentenced by a jury.[1] Accordingly, the magistrate judge declared the 1957 conviction void, ordered that the 1981 conviction be vacated and that Corte be released ninety days after the entry of judgment, "unless the State of Texas, within such 90-day period, either retries or releases Carl Thomas Corte." The magistrate judge later denied the State's motion to alter or amend judgment but granted the State's request for a stay of judgment pending appeal. The State appealed.

On appeal, the State does not contest the magistrate judge's determination that the 1957 conviction is void, nor does the State argue that the conviction should not have been used for sentencing enhancement. The issue raised by the State is whether, after finding error only at the punishment phase of the trial, the magistrate judge exceeded her authority by ordering the State to retry Corte or release him.

---

[1] This determination may have been based on Texas law as it existed in 1981, providing that if a prior conviction used for sentencing enhancement is void, and if punishment is decided by the convicting jury, the conviction must be set aside. Tex. Code Crim. Proc. Ann. Art. 37.07(2)(b) (Vernon 1981). This law was subsequently changed, however, to allow the court to resentence the defendant only, and this change was made retroactive. Tex. Code Crim. Proc. Ann. Art. 44.29(b) (West 1998).

We must first determine the proper standard of review.  The State contends that we should review this issue de novo.  In <u>Smith v. Lucas</u>, 9 F.3d 359, 365 n.11 (5th Cir. 1993), we held that "the district court's conclusions about the extent of its authority in issuing the writ under both our mandate and federal law are . . . issues of law reviewable de novo."  At the same time, 28 U.S.C. § 2243 grants district courts the discretion to dispose of habeas corpus matters "as law and justice require."  The Supreme Court has interpreted § 2243 to allow federal courts "broad discretion in conditioning a judgment granting habeas relief."  <u>Hilton v. Braunskill</u>, 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

We do not believe there is a contradiction here.  When the district court rules on the bounds of its own authority in fashioning habeas corpus remedies, we review its determination de novo.  But when the district court actually imposes a particular remedy, we review the choice made for an abuse of discretion.[2]

### III

We thus review the remedy imposed by the magistrate judge here for an abuse of discretion.  The magistrate judge did not consider the bounds of her authority.  She provided the state court with an

---

[2]This standard of review governs even when the district court has fashioned a remedy outside the realm of its ability to do so. Such a remedy, however, is an abuse of discretion as a matter of law.

option--either set Corte free or retry him.  We review this order for an abuse of discretion.

A district court's power under the writ of habeas corpus is solely over the body of the petitioner.  <u>Duhamel v. Collins</u>, 955 F.2d 962, 968 (5th Cir. 1992).  This sole power is to order the petitioner's release.  <u>Smith</u>, 9 F.3d at 366.  The district court can, of course, withhold habeas relief if the state court is able to correct the constitutional error.  <u>Richmond v. Lewis</u>, 506 U.S. 40, 52, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992).  But the district court's power over the petitioner's body and ability to deny release under certain circumstances does not give a district court the authority to dictate to state courts the proper method for correcting the constitutional error.  That is up to them.

For that reason, the district court's order in this case was outside its authority, and consequently was an abuse of discretion. The district court ordered the state court to retry Corte for the 1981 offense.  A full retrial is not constitutionally necessary, however, because the constitutional error alleged related solely to sentencing.  The state court may correct the constitutional error in the sentence using whatever means it finds appropriate under state law.[3]  Thus, we remand to the district court with an instruction that it issue an order to the state court to release Corte unless the state court corrects the constitutional error

---

[3]As already noted, it appears that under Texas law, only the sentencing issue will need to be retried.

within ninety days.

IV

For the reasons stated herein, the district court order is VACATED, and the case is REMANDED for proceedings pursuant to this decision.

VACATED and REMANDED.