**Larry JONES, Petitioner-Appellee Cross-Appellant,**

v.

**Morris THIGPEN, Commissioner, Mississippi Dept. of Corrections, et al., Respondents-Appellants Cross-Appellee.**

**No. 83–4085.**

United States Court of Appeals, Fifth Circuit.

May 2, 1986.

William S. Boyd, III, Bill Allain, Atty. Gen., Marvin L. White, Jr., Amy Whitten, Jackson, Miss., for respondents-appellants cross-appellee.

T.H. Freeland, III, Freeland & Gafford, T.H. Freeland, IV (Court-appointed), Oxford, Miss., Mary Carolyn Ellis, University, Miss., for petitioner-appellee cross-appellant.

ON REMAND FROM SUPREME COURT OF THE UNITED STATES

Before REAVLEY, JOHNSON and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

By our decision in this case on September 17, 1984, reported at 741 F.2d 805 (5th Cir.1984), we held that the death sentence imposed by Mississippi upon Larry Jones for felony murder violated the Eighth Amendment under the Supreme Court's writing in *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). The Supreme Court, —— U.S. ——, 106 S.Ct. 1172, 89 L.Ed.2d 292 (1986), has vacated our judgment and remanded the case for further consideration in light of *Cabana v. Bullock*, —— U.S. ——, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986). We now correct our application of *Enmund*, proceed to the petitioner's other contentions of constitutional error in the sentence of the Mississippi court, and affirm the judgment of the trial court on the ground of ineffectiveness of counsel at the sentencing phase.

## I. *Enmund* in The Light of *Cabana*

■ The evidence tended to prove that Larry Jones and Willie Reddix robbed a clothing store and that the owner of the store died from a blow to his head received during the course of the robbery. The only evidence connecting Jones to the homicide was blood on his boot and complicity in the robbery. He was tried for the capital murder crime defined by Mississippi law in 1977 as a killing done "with or without any design to effect death" by a person engaged in a robbery. The jury was not asked to find that Jones killed or intended to kill the deceased. Seeing that as inconsistent with *Enmund*, in our 1984 decision we vacated Jones's death sentence and held that the Double Jeopardy Clause prevented its reimposition. *Cabana* informs us that we misunderstood *Enmund*. We are now taught that the Eighth Amendment does not prohibit a state from enacting a crime of capital murder without a constituent element of an intent to kill, nor does the Eighth Amendment prevent a state jury from convicting and assessing the punishment of death for one found to have com-

mitted that crime. Prior to the execution of a death sentence, however, the Eighth Amendment requirement of proportionality between culpability and death punishment must be met by a showing that the guilty person did kill or attempt to kill or intend to kill. The Constitution does not dictate the point in the process at which this determination of intent to kill must be made. It may be made in the course of collateral proceedings in state or federal court and meet Eighth Amendment requirements. The federal court, however, should look to the state to make this finding in the first instance, and if resolved there against the defendant petitioner, the finding is presumed to be correct by virtue of 28 U.S.C. § 2254(d), *see Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

The extent of our misunderstanding of *Enmund* is shown by our former disposition of Jones' double jeopardy claim. We undertook to review the evidence in the state trial to determine whether a properly instructed, rational jury could have found beyond a reasonable doubt that Jones killed or intended to kill. 741 F.2d at 812. The difficulty with that inquiry is that Jones was not tried or convicted by the Mississippi court for a crime that included an element of intent to kill. The search for evidence of an element not part of the state crime was as pointless as it was futile. The evidence clearly supported the conviction for the crime with which Jones was charged, and due process was fully met. Nothing in the Eighth Amendment, as explained by the Court in *Cabana*, would warrant our reversal of the Mississippi conviction for felony murder on the ground that the evidence presented at the trial was legally insufficient. Therefore the Double Jeopardy Clause and *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), could have no application to the case before us.[1]

If there were no other claim of constitutional error in the state sentencing, we

---

1. This also moots our writing on the effect of *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), which included what the Mississippi Supreme Court has since held to be a misreading of Mississippi law. *See Fairchild v. State*, 459 So.2d 793, 800 (Miss.1984).

would direct the issue of the writ of habeas corpus but leave to the State of Mississippi the opportunity of obtaining a determination in its own courts of whether Jones possessed the *Enmund* level of culpability. However, the trial court vacated the death sentence on a second ground, that of ineffectiveness of counsel, which we now reach.[2]

## II. Ineffectiveness of Counsel

■ Larry Jones is mentally retarded, was seventeen years old at the time of this crime, and was not proved to have had any intent or role in the homicide. The sentence is more easily understood when we learn about the conduct of defense counsel at the sentencing phase of the trial. He presented no proof to the jury of these mitigating factors of age and mental disability. He presented no mitigating circumstances at all. When the prosecution rested, he rested.

At the habeas hearing in the federal district court, a clinical psychologist who had examined Jones testified that his full I.Q. was less than 41, that he was emotionally disturbed, that he was severely limited in his capacity to think and did not understand what was happening around him. The psychologist and psychiatrist testifying for the State agreed that he was mentally retarded, although they thought his capacity exceeded the measure of his test results. Defense counsel either neglected or ignored critical matters of mitigation at the point when the jury was to decide whether to sentence Jones to death. We agree with the district judge that this failure was professionally unreasonable, and that it was prejudicial to the defendant in that there is a reasonable probability that had this evidence been presented, the jury would have concluded that death was not warranted. *See Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984).

The judgment of the trial court is therefore affirmed. The State of Mississippi is given the election by the district court's order of resentencing petitioner Jones in accordance with Mississippi Code Ann. § 99–19–101. *Cabana* considerations will also be met thereby, because the statute now requires that a jury imposing a sentence of death must find either that the defendant actually killed, attempted to kill, intended that a killing take place, or contemplated that lethal force would be employed.

AFFIRMED.

---

**2.** Petitioner also claimed violation of *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). For the reasons given by the district court we find no merit to that claim.