Larry JONES, Petitioner-Appellee, Cross-Appellant,

v.

Morris THIGPEN, Commissioner, Mississippi Department of Corrections, et al., Respondents-Appellants, Cross-Appellees.

No. 83–4085.

United States Court of Appeals, Fifth Circuit.

July 31, 1986.

William S. Boyd, III, Bill Allain, Atty. Gen., Marvin L. White, Jr., and Amy Whitten, Jackson, Miss., for respondents-appellants, cross-appellees.

T.H. Freeland, III, Freeland & Gafford, T.H. Freeland, IV (Court-appointed), Oxford, Miss., for petitioner-appellee, cross-appellant.

## ON PETITIONS FOR REHEARING AND SUGGESTIONS FOR REHEARING EN BANC

(Opinion May 2, 1986, 5 Cir., 1986, 788 F.2d 1101)

Before REAVLEY, JOHNSON and JOLLY, Circuit Judges.

PER CURIAM:

Both the State and petitioner have moved for rehearing of our most recent decision in this case at 788 F.2d 1101. One misstatement is called to our attention. We said there that our prior writing on the effect of *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) was "mooted." Petitioner's argument under *Beck* that the conviction was tainted, because of the lack of an instruction on simple murder or a lesser included crime rather than capital murder, is not moot. It is, however, without merit.

We have previously dealt with the merits of this claim, but under Mississippi law the collateral attack is clearly barred. The petitioner has no complaint that a proper instruction was requested and denied him at his trial, nor was any complaint made in the direct appeal in the Mississippi courts. The procedural bar therefore stands. *Gray v. Lucas,* 677 F.2d 1086 (5th Cir. 1982). Furthermore, petitioner would be entitled to an instruction on a lesser included offense only if the evidence would warrant a conviction for the lesser offense. We fail to find that evidence in this record. Nor do we detect any judicial coercion imposed upon the jury by their choice be-

tween a conviction for felony murder or an acquittal. This was the choice the evidence and petitioner presented to the jury.

The Petitions for Rehearing are DENIED and no member of this panel nor Judge in regular active service on the Court having requested the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestions for Rehearing En Banc are DENIED.