United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10979

_____

MAURO MORRIS BARRAZA,

Petitioner-Appellant,

versus

JANIE COCKRELL, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas

_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Mauro Morris Barraza is a prisoner of the State of Texas under a sentence of death imposed after a jury in Tarrant County convicted him of the murder of 73-year-old Vilorie Nelson in the course of a burglary of her home in Fort Worth, Texas.

Barraza's conviction and sentence have been affirmed and his state habeas petition denied by the Texas Court of Criminal

Appeals.[1]  The Supreme Court has declined review of both decisions.[2]

The United States District Court has in turn denied his federal

petition for federal habeas relief and refused to issue a

certificate of appealability.[3]

Barraza asks this court to issue a certificate of

appealability on three interrelated issues:[4]

> 1.  Whether the federal district court violated the Sixth and Fourteenth Amendments when it denied Barraza's motion to obtain funding for additional psychiatric, psychological and medical testing.
>
> 2.  Whether the state habeas court violated the Sixth and Fourteenth Amendments when it denied Barraza's motion to obtain funding for additional psychiatric, psychological and medical testing.
>
> 3.  Whether the federal district court abused its discretion under 21 U.S.C. §848(q)(4)(B) when it denied Barraza's motion to obtain funding for additional psychiatric, psychological and medical testing.

As the State points out, Barraza does not need a certificate to

appeal the district court's order denying funding for additional

---

[1] Barraza v. State, No. 71,275 (Tex. Crim. App. Oct. 5, 1994); Ex Parte Barraza, No. 38,672-01 (Tex. Crim. App. Dec. 9, 1998).

[2] *Barraza v. Texas*, 514 U.S. 1097 (1995); *Barraza v. Texas*, 528 U.S. 825 (1999).

[3] Barraza v. Cockrell, No. 4:99-CV-064-Y (N.D. Tex. July 31, 2002) (judgment denying relief); Barraza v. Cockrell, No. 4:99-CV-064-Y (N.D. Tex. Sept. 6, 2002) (order denying COA).

[4] As Barraza has organized his Application for a Certificate of Appealability, Issue number one controls Barraza's claims for relief numbers one through four of his federal petition, all of which complain of the denial of funding by the federal district court. Similarly, claims five through eight complain of similar denial by the Texas Court of Criminal Appeals.

psychiatric, psychological, and medical testing pursuant to 21 U.S.C. §848(q)(4)(B).  For essentially the reasons set forth in Judge Means' ruling filed on July 31, 2002, and for reasons we will explain, we deny the requested certificates of appealability and affirm the order refusing additional testing.

I

In deciding a request for a certificate of appealability, we ask if a petitioner "has made a substantial showing of the denial of a constitutional right."[5]  Barraza need not "convince a judge, or, for that matter, three judges, that he ... would prevail," but "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[6]

II

There is no claim before us that Barraza did not murder Mrs. Nelson in the course of a burglary.  The evidence was overwhelming and included forensic evidence that Barraza raped her as she lay dying from blows to the head and from being stomped on the chest. The defense was insanity.  At trial, Barraza offered evidence that he had been taking drugs since the age of seven and was high on crack at the time of the murder.  This evidence came through the

_____

[5] 28 U.S.C. § 2253(c)(2).

[6] *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1038–40 (2003) (internal quotation marks omitted).

testimony of Dr. Peek, a defense retained psychiatrist. Dr. Peek told the jury that in his opinion Barraza was suffering from a severe mental disease at the time of the murder and that his addiction to drugs came from low self-esteem, genetic background, and poor environment. The state countered with two experts who testified that Barraza had no mental disease or defect and understood that what he had done was wrong. They also thought that Barraza was faking.

III

After Barraza had exhausted his direct appeal, the state trial court set an execution date. Barraza's state habeas petition was then filed on June 29, 1995, and the execution date was lifted to allow the state habeas to proceed. The state habeas judge granted Barraza's request for money to obtain psychiatric testing, responding to the argument that the possibility of organic brain damage had been raised at trial.

On January 30, 1996, the trial court held an evidentiary hearing on the motion at which it heard the testimony of Barraza's expert, Dr. J. Douglas Crowder, a forensic psychiatrist and professor at Southwestern Medical School. Dr, Crowder expressed the opinion that the testing done by Drs. Coons, Peek, and Parker, who testified at trial, was inadequate and that more testing would be necessary to rule out the possibility of organic brain damage. The trial court did not rule immediately. Rather, it asked that Barraza be examined by a competent expert appointed by the court.

4

Then in a hearing held on May 6, 1996, Dr. Melissa Renee Ferguson, the court-appointed expert, testified that Barraza understood the death penalty, was competent to be executed, and had no significant deficits which would indicate the need to go further. The court then refused to fund more testing, finding no objective reason for more testing. These findings were adopted by the Texas Court of Criminal Appeals.

A similar request for funding to the United States District Court followed, supported by an affidavit of Dr. Crowder, essentially stating that he adhered to his view that further testing was needed despite Dr. Ferguson's testimony. The federal district court found no objective reason for more testing and refused the requested funding.

IV

The requests for COA and appeal all rest on claims that these denials of money to continue the examination of this petitioner deprived Barraza of various constitution rights, including a right to effective habeas counsel and rights to access to assistance from experts necessary to the defense of an accused under *Ake v. Oklahoma*[7] and federal statutes. The argument is without merit.

The question of mental capacity was presented to the jury at trial. Petitioner is now attempting to develop more evidence to supplement, if not contradict the expert testimony rejected by the

---

[7] 470 U.S. 68 (1985).

jury.  The state habeas judge and the federal district judge were uncertain of just where all this was headed beyond its relevance to a *Ford* inquiry into competence to be executed.[8]  We can imagine that it has some relevance to a claim that trial counsel was ineffective for not digging deeper.  But now having done so, the effort has not produced the evidence that Barraza says his counsel ought to have earlier located.  Petitioner's argument is then that the effort on collateral review is constitutionally deficient. That is not persuasive.

Petitioner's contentions suffer from their failure to acknowledge that there is no constitutional right to competent habeas counsel and his meritless suggestion that a statutory requirement for counsel creates a constitutionally secured right. Regardless, there are no facts before us that would breathe life into petitioner's assertions and we are left with only a lawyer's theory and no warrant for any assertion that the state procedures for developing the evidence were constitutionally inadequate.  To the contrary.  This state judge removed the pressure of an execution date and substituted an orderly schedule for proceeding. She also funded expert assistance in the habeas process. Ultimately, after engaging a second expert, the trial judge, with findings that are fairly supported by the record, declined to authorize additional money.  In short, the legal theories of

---

[8] *Ford v. Wainwright*, 477 U.S. 399 (1986).

petitioner lack factual support.  We cannot grant the request for a certificate of appealability.

For the same reasons, we must affirm the appeal from the district court order refusing to fund additional testing.  We find no error in its conclusion that such was not reasonably necessary within the meaning of 21 U.S.C. § 848(q)(4)(B).

The request for COA is DENIED, and the order of the district court denying additional funding is AFFIRMED.