United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40795
_____

KENNETH EUGENE BRUCE,

Petitioner - Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No.:  1:00-CV-286
_____

Before JOLLY, BARKSDALE, and STEWART, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[1]

Kenneth Eugene Bruce was convicted of capital murder in the state courts of Texas and sentenced to death.  Based on a certificate of appealability ("COA") granted by the district court, he appeals that court's denial of federal habeas relief and, in addition, requests a COA from this court for two more issues.  We AFFIRM the district court's judgment and DENY Bruce's COA request.

I

The State presented evidence that Bruce and three of his cousins robbed and shot Mr. and Mrs. Ayers, killing Mrs. Ayers and

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seriously injuring Mr. Ayers. The jury convicted Bruce of capital murder and the judge sentenced him to death based on the jury's answers to the special punishment issues. The Texas Court of Criminal Appeals affirmed his conviction and sentence on direct appeal, and the Supreme Court denied certiorari. Bruce v. State, No. 71,466 (Tex. Crim. App. Feb. 8, 1995) (unpublished), cert. denied, 516 U.S. 991 (1995).

Bruce filed an application for state habeas relief in which he claimed that his trial counsel rendered ineffective assistance by failing to investigate and present mitigating evidence at the punishment phase of trial. The Texas Court of Criminal Appeals denied relief based on the trial court's findings of fact and conclusions of law. Ex parte Bruce, No. 43,165-01 (Tex. Crim. App. Oct. 27, 1999) (unpublished).

Bruce filed a petition for federal habeas relief in November 2000. He claimed that his trial counsel rendered ineffective assistance at the punishment phase by failing to discover and present mitigating evidence of child abuse and neglect, and by failing to present statistical evidence and expert testimony to rebut the State's evidence of future dangerousness.

The State moved for summary judgment. It argued that Bruce's claim that counsel was ineffective by failing to present evidence to rebut the State's evidence of future dangerousness was unexhausted. Furthermore, the claim was procedurally barred

2

because it would be dismissed as an abuse of the writ if presented in a second state habeas application. With respect to Bruce's other ineffective assistance claim (failing to discover and present evidence of child abuse and neglect), the State argued that it was reasonable trial strategy for trial counsel to present evidence of rehabilitative potential rather than a questionable history of abuse.

In his response to the State's motion for summary judgment, Bruce asserted ineffective assistance of state habeas counsel and inadequate funding by the Texas Court of Criminal Appeals as cause for the procedural default. Although Bruce acknowledged that his state habeas counsel did not request additional funds with which to retain an expert, he explained that counsel knew that such a request would have been futile. Bruce attached to his response an affidavit that had been filed in another inmate's case as an example of the type of evidence that could have been produced. He also claimed, for the first time, that the appointment of incompetent state habeas counsel violated his right to due process.

The district court denied habeas relief. It granted a COA for the following issues: (1) whether Bruce has shown cause and prejudice, because of state habeas counsel's perceived funding limitations, for procedurally defaulting this ineffective counsel claim; and (2) whether it erred by applying the "reasonableness" standard of review of state court determinations of ineffective

3

assistance of counsel claims set forth in Neal v. Puckett, 286 F.3d 230 (5th Cir. 2002) (en banc), cert. denied, 123 S.Ct. 963 (2003), which considers only the result reached by the state court, and not the state court's reasoning.[2]  Bruce has filed a brief addressing those two issues.  In addition, he requests from this court a COA for the following claims:  (1) whether his claim based on Penry v. Johnson, 532 U.S. 782 (2001) ("Penry II") is procedurally defaulted; and (2) whether he received ineffective assistance of state habeas counsel.

II

We address first the claims for which the district court granted a COA.

A

1

"In a habeas corpus appeal, we review the district court's findings of fact for clear error and review its conclusions of law de novo, applying the same standard of review to the state court's decision as the district court."  Thompson v. Cain, 161 F.3d 802, 805 (5th Cir. 1998).  Because Bruce filed his federal habeas petition after the effective date of the Antiterrorism and

---

[2]The district court also granted a COA on the issue of whether it should have dismissed Bruce's federal habeas petition so that Bruce could return to state court to exhaust his ineffective assistance of counsel claims.  Bruce states that he is not advancing that position on appeal.

4

Effective Death Penalty Act of 1996 ("AEDPA"), the district court's federal habeas review was governed by AEDPA.

Under AEDPA, habeas relief is not available to a state prisoner

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to ... clearly established Federal law, as determined by the Supreme Court" if: (1) "the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or (2) "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision is "an unreasonable application of clearly established" Supreme Court precedent if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. The inquiry into unreasonableness is objective. Id. at 409-10. A

5

state court's incorrect application of clearly established Supreme Court precedent is not enough to warrant federal habeas relief; in addition, such an application must also be unreasonable. Id. at 410-12.

The state court's factual findings are presumed to be correct, and the habeas petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Thus, to obtain habeas relief on the § 2254(d)(2) ground that the state court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that the state court's factual findings are correct. See Dowthitt v. Johnson, 230 F.3d 733, 741 (5th Cir. 2000).

2

Both of the claims for which the district court granted a COA involve allegations of ineffective assistance of counsel. The standard governing claims of ineffective assistance of counsel established in Strickland v. Washington, 466 U.S. 668 (1984) "qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States'" for the purpose of federal habeas review under 28 U.S.C. § 2254(d). Williams, 529 U.S. at 391. Accordingly, Bruce is entitled to relief if the state court's adjudication of his ineffective assistance claims was either

6

contrary to or involved an unreasonable application of Strickland, or if the state court's decision is based on an unreasonable determination of the facts in the light of the evidence before the court. In Strickland, the Court held that a defendant must make two showings to establish a violation of the Sixth Amendment right to the effective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." Id. at 698. We now turn to discuss the specific claims of ineffective counsel.

B

1

Bruce claimed, for the first time in his federal habeas petition, that his trial counsel, at the punishment phase of the trial, rendered ineffective assistance by failing to present evidence to rebut the State's evidence on the issue of future dangerousness. On this issue, Bruce's counsel presented the testimony of Dr. Randall Price that Bruce would not constitute a

7

future danger to society if given a life sentence. On cross-examination, the State sought to impeach Dr. Price's opinion by eliciting evidence of Bruce's lack of remorse, his youthful age, and his refusal to accept responsibility for the murder. Bruce argues that his trial counsel rendered ineffective assistance by failing to present rebuttal evidence, including statistical evidence and expert testimony, to bolster Dr. Price's opinion that Bruce did not pose a threat of future dangerousness. In the district court, Bruce submitted the affidavit of Dr. Mark Cunningham, assessing the future dangerousness of another death row inmate, as an "example" of the type of statistical evidence that his trial counsel should have presented. In that affidavit, Dr. Cunningham notes the inherent unreliability of expert evaluations about whether an individual is likely to commit future acts of violence.

Bruce further argues that the state court's refusal to provide adequate financial resources in state habeas proceedings constitutes cause that excuses his failure to develop this claim. According to an affidavit submitted by Bruce's state habeas counsel, the Court of Criminal Appeals approved between $15,000 and $20,000 per case for attorneys' fees and fees of investigators and experts. Although Bruce's counsel did not request additional funds, he stated in his affidavit that it was clear that no more funds would be provided by the Court of Criminal Appeals, so it

8

would have been futile for him to have requested additional funds. Bruce asserts that he was prejudiced by the state courts' predetermined funding limits, because they prevented him from presenting the kind of data outlined in Dr. Cunningham's affidavit.

The district court held that this claim was procedurally defaulted, because Bruce had not raised it in the state courts. The district court granted a COA, however, for the question whether Bruce had shown cause and prejudice, because of state habeas counsel's perceived funding limitations.

2

Federal habeas relief is not available for a procedurally defaulted claim unless the petitioner establishes cause for the default and actual prejudice.[3] Id. at 750. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." McCleskey v. Zant,

---

[3]A federal habeas petitioner who cannot establish cause and prejudice may nevertheless obtain habeas relief if he can show that the application of the procedural bar would constitute a miscarriage of justice -- that he is actually innocent of the crime. Bruce does not rely on the actual innocence exception.

9

499 U.S. 467, 494 (1991) (internal quotation marks and citation omitted).

It is well-settled that infirmities in state habeas proceedings do not constitute cause to excuse a procedural default. See Beazley v. Johnson, 242 F.3d 248, 271 (5th Cir. 2001) (ineffective state process and ineffective state habeas counsel did not excuse petitioner from exhausting claims in state court); see also Bolder v. Armontrout, 983 F.2d 98, 99 (8th Cir. 1992) (leave to file successive habeas petition denied where ineffective assistance of state habeas counsel and inadequate funding of state habeas counsel's public defender office were asserted as cause to excuse procedural bar). Accordingly, the district court correctly held that this claim is procedurally defaulted, and that the lack of adequate resources in state habeas proceedings does not excuse state habeas counsel's failure to present the claim.

C

1

We now turn to consider the second claim on which the district court granted a COA. Bruce argues that his trial counsel rendered ineffective assistance by failing to investigate and present evidence of parental abuse and neglect. With respect to this claim, the district court granted a COA on the issue of whether, in reviewing the state court decision denying the claim, it erred when it applied the reasonableness standard of review set forth in Neal

10

v. Puckett, 286 F.3d 230 (5th Cir. 2002) (en banc).  Under Neal, a federal habeas court focuses on the ultimate legal conclusion reached by the state court, and not on the state court's underlying reasoning.  See id. at 246 (court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence").

As we have noted, at the punishment phase, Bruce presented the testimony of Dr. Randall Price, a clinical forensic psychologist. Dr. Price testified that he interviewed Bruce for about one and one-half hours; that although Bruce came from a "lower middle class" background, it was "not impoverished"; that Bruce's IQ was above average; that Bruce had the educational abilities of a high school senior; and that Bruce had the best potential for rehabilitation that he had ever seen, "given the proper motivation."  It was his opinion, based on Bruce's potential for rehabilitation, Bruce's higher than average intelligence, and Bruce's lack of criminal history, that Bruce did not constitute a threat of future dangerousness.

Other witnesses for Bruce at the punishment phase included his grandmother, who raised him, and various teachers and school principals.  They testified as to his capacity to be rehabilitated,

his personality as a follower, his lack of violent tendencies, and his good work habits in school and sports activities.

In the state habeas proceeding, Bruce argued that his trial counsel rendered deficient performance because he did not locate or call Bruce's mother or father to testify at the punishment phase, leaving the jury with the impression that his parents were indifferent, and allowing the prosecution to argue that he lacked family support and stability. He argued that counsel should have investigated the fact that his mother, with whom he had lived for several years as a young child, was a chronic alcoholic who sometimes abused him while she was intoxicated. Furthermore, his counsel should have presented evidence that Bruce was the father of a baby girl. Bruce, however, did not present any affidavits from any witnesses that indicated the substance of their testimony or whether they would have been available to testify at the punishment phase of his trial. In support of this claim, he submitted only his own affidavit stating that he was abused by his mother.

The state habeas trial judge, who also presided over Bruce's criminal trial, ordered Bruce's criminal trial counsel to submit an affidavit addressing:

> Applicant's contention 1) that applicant was accorded ineffective assistance of counsel, and 2) more specifically, a) that trial counsel failed to advise applicant to accept the plea offer of a life sentence, b) that trial counsel misinformed applicant regarding his parole eligibility if he did accept the plea offer, and c) that trial counsel

12

>           incompetently advised applicant to change his
>           story and testify at the trial, contrary to
>           his previous confession.

The affidavit submitted by trial counsel addressed the subjects identified in the trial court's order.  These subjects, however, pertained only to the guilt-innocence phase of trial, and did not address the allegations of ineffective assistance at the punishment phase.

The state habeas trial court nevertheless made the following factual findings:  Trial counsel investigated the case and offered mitigating evidence at the punishment phase; it was reasonable trial strategy to call Bruce's grandmother who raised him, instead of his mother and father who had abandoned him, and to not offer evidence that Bruce had a three-month-old daughter by his girlfriend.  The state habeas trial court concluded that Bruce had failed to show that his trial counsel failed to investigate or offer mitigating evidence; that, based on the amount and variety of mitigating evidence offered at the punishment phase, trial counsel did investigate; and that trial counsel's section of what evidence to offer at the punishment phase was reasonable.  The court concluded that Bruce had failed to show deficient performance or prejudice under Strickland.

2

In his federal habeas proceeding, Bruce submitted the affidavit of an investigator hired by his federal habeas counsel.

13

This affidavit was not presented in the state habeas proceeding. The affidavit is unsigned and undated. Moreover, the claims are unexhausted. Nevertheless, the investigator states in the affidavit that she has spoken with Bruce's mother, father, a cousin, a friend, and an aunt. According to the affidavit, Bruce's mother told the investigator that she was 14 years old when she gave birth to Bruce; she did not eat much when she was pregnant with him; and she was "wild" when Bruce was young (drinking, smoking, running around, and having fun); and she moved constantly, so she sent Bruce to live in Dallas. The affidavit relates the following statements attributed to Bruce's father: Bruce did not have a stable home; he did not have much contact with Bruce; Bruce's mother was "a drinker" and "was never there for" Bruce; Bruce did not have a father figure in his life; and he "had heard" that a man who was staying with Bruce's mother had abused Bruce. According to the affidavit, Bruce's maternal aunt told the investigator that she raised Bruce until he was twelve years old because Bruce's mother never had a steady place to live, had no job, and was always drunk; Bruce went to live with his mother when he was twelve years old; when a sister went to check on Bruce, she saw him being fed dog food; and when she went to get Bruce from his mother, the house they were living in had no furniture and it was freezing. Bruce did not submit any affidavits from the witnesses

14

that he asserts counsel should have called to testify at the punishment phase.

The district court held that Bruce had not rebutted the presumption that his counsel made an objectively reasonable strategic decision to stress the positive side of his background in order to bolster his expert's opinion that Bruce was a good candidate for rehabilitation and not a future danger to society:

> ... Bruce testified that his participation in the robbery/murder was solely as a result of duress. A strategy of showing that everything in Bruce's background suggested that he was not the type of person who would commit such a crime absent duress would have been consistent with his testimony, and so does not appear objectively unreasonable. Of course, when the jury did not believe Bruce's duress testimony at the guilt innocence phase of his trial, counsel should have realized that the persuasiveness of this evidence as mitigation would not be very great. It appears that, in light of the jury's guilt finding, counsel portrayed Bruce at sentencing as a basically good kid who -- rather than forced at gunpoint to participate -- engaged in criminal behavior as a result of peer pressure. Counsel argued that because of Bruce's good background, he was more capable of being rehabilitated and less likely to pose a danger to society. Bruce's failure to take responsibility for his crime somewhat weakened this defense, but the jury could have credited this theory in spite of Bruce's testimony. Further, the defense of bad peer pressure was -- at a superficial level, at least -- sufficiently similar to Bruce's duress testimony that it could seem consistent with his trial testimony. On review, counsel's strategy, far from appearing objectively unreasonable, appears both subtle and clever.

> While on hindsight a more conventional strategy of stressing the weaknesses of Bruce's upbringing might have been a better strategy, the test is not whether counsel employed the best strategy, it is whether the strategy employed was objectively unreasonable. The Court finds that Bruce has not rebutted the presumption that his counsel's strategic decision to stress the positive side of his background in order to bolster his expert's opinion that Bruce was a good candidate for rehabilitation and not a future danger to society was reasonable.

Bruce v. Cockrell, No. 1:00cv286, at p. 17 (E.D. Tex. Apr. 25, 2002).

The district court stated in its order granting COA that it had analyzed this issue in the way directed in Neal, that is, focusing on the state court's ultimate decision and not its underlying reasoning, and it granted a COA for the issue of whether it erred by applying the Neal standard.

3

(a)

Bruce argues that although the state court may have made the findings suggested by the district court's opinion, there was simply no evidence to support such state court findings. Consequently, the state habeas court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), and no deference was owed the state court. Bruce argues that he has met his burden of rebutting the state court findings by clear

16

and convincing evidence, as required by 28 U.S.C. § 2254(e)(1), and that the district court thus erred by assuming that trial counsel's course of action was a strategy. He contends further that the state court decision is unworthy of deference because the state court failed to consider the "global" impact of the newly discovered evidence of abuse and neglect. Although Bruce acknowledges that we are bound by the en banc decision in <u>Neal v. Puckett</u>, he contends that it was decided incorrectly, and that the district court erred by applying it. Finally, he asserts that we should remand the case to the district court for an evidentiary hearing.

The State asserts that the district court neither deferred to the state court's factual findings, nor considered whether the state court's application of <u>Strickland</u> was objectively unreasonable. Instead, according to the State, the district court conducted its own independent review of counsel's performance and concluded that counsel's performance was not objectively unreasonable under <u>Strickland</u>'s deficient performance prong.

(b)

(1)

In its memorandum opinion, the relevant portions of which are quoted above, the district court did not address whether the state court's application of <u>Strickland</u> was objectively unreasonable.[4]

---

[4]Although the district court does not appear to have applied AEDPA's "unreasonable application" standard in adjudicating this

17

Instead, as the State notes, it conducted its own independent analysis and held that counsel's performance was not deficient under Strickland. As Bruce notes, however, the district court deferred to the state court's factual findings that counsel conducted an investigation and made a strategic decision as to what evidence to present in the punishment phase.

Bruce argues that the state court's findings that counsel conducted an investigation and made a strategic decision not to present evidence of abuse and neglect are not supported by the evidence presented in the state habeas proceedings. He points out that trial counsel's affidavit did not address the allegations of deficient performance at the punishment phase. The only evidence he offered was his own affidavit in which he claims that his mother abused him. As we have noted, in the federal habeas proceeding, Bruce presented an unsigned statement of an investigator, but no affidavits from any of the potential witnesses of what they might have said at the punishment phase if counsel had called them to testify.

It is not necessary in this case for us to decide whether the state court's determination of the facts is unreasonable or whether it unreasonably applied Strickland to those facts in concluding that counsel did not render deficient performance. Even if we

claim, instead conducting its own independent analysis under Strickland, any error by the district court in that respect was harmless. See Beazley v. Johnson, 242 F.3d at 256-57.

18

assume (1) that Bruce has met his burden of rebutting the presumption that the state court's factual findings are correct, (2) that the state court unreasonably applied Strickland in concluding that counsel did not render deficient performance, and (3) that a competent investigation by counsel would have resulted in the presentation of the testimony of abuse and neglect described in Bruce's affidavit and the affidavit of the investigator, Bruce is not entitled to relief on his ineffective assistance claim because the state court did not unreasonably apply Strickland in concluding that he was not prejudiced by the assumed deficient performance.

Prejudice exists only if there is a reasonable probability that the result of the sentencing phase would have been different if the jury had heard the evidence that Bruce claims counsel should have presented. See Neal v. Puckett, 286 F.3d at 241 (in determining prejudice, court compares the evidence actually presented at sentencing with all the mitigating evidence contained in the postconviction record and determines whether the additional mitigating evidence is so compelling that there is a reasonable probability that at least one juror reasonably could have determined that death was not an appropriate sentence); Ransom v. Johnson, 126 F.3d 716, 723 (5th Cir. 1997) (to establish prejudice, habeas petitioner must show "evidence of sufficient quality and force to raise a reasonable probability that, had it been presented

19

to the jury, a life sentence would have resulted.") (internal quotation marks and citation omitted).  When considering whether the state court unreasonably applied Strickland in concluding that Bruce was not prejudiced, we must "reweigh the evidence in aggravation against the totality of available mitigating evidence." Wiggins v. Smith, 123 S. Ct. 2527, 2542 (2003).

As we have stated, the only evidence of abuse and neglect that Bruce presented in the state habeas proceeding is his own affidavit, in which he stated:

> From time to time when I was a young boy, I did live with my mother, although I was raised from the age of about eight or nine by my grandmother, Dorothy Simms.  When I did live with my mother, she would frequently get drunk.  When she did, she was sometimes abusive towards me.  She would yell and scream at me, call me rude names and sometimes hit me.  Also, she would sometimes get into violent and abusive arguments with whichever of her boyfriends might be there and I witnessed a number of these fights.

To be sure, Bruce did not state in his affidavit that he would have testified about his mother's abuse at the punishment phase of trial, which is a requisite generally necessary for a showing of prejudice.

The only other evidence of abuse and neglect that Bruce presented is the unsigned, undated affidavit of federal habeas counsel's investigator, relating statements allegedly made to her by Bruce's mother, father, aunt, cousin, and friend.  Although that affidavit was not submitted in the state habeas proceedings, but

20

was presented for the first time in the district court, we will consider it for the purposes of this prejudice analysis. We first observe, however, that Bruce did not submit any affidavits by the uncalled witnesses themselves, or offer any evidence that they would have been willing to testify at the punishment phase of his trial. See Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002) (unsupported claims regarding the testimony of uncalled witnesses "are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative"); Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985) (to demonstrate prejudice, habeas petitioner must show not only that testimony of uncalled witnesses would have been favorable, "but also that the witness would have testified at trial"). We now turn to consider and compare the aggravating and mitigating evidence.

(2)

At the punishment phase, the State presented evidence of the random selection of the victims, evidence that Bruce and the others had attempted to commit other offenses on the same night, evidence that the offense was committed for monetary gain, evidence of Bruce's lack of remorse and his failure to take responsibility for the offense, and evidence that Bruce possessed a razor blade while in jail awaiting trial. In the light of this aggravating evidence, including the brutal, cruel and senseless nature of the murder of

21

Mrs. Ayers, we are satisfied that there is no reasonable probability that the jury would have answered the special issues in a different manner had counsel presented the evidence of abuse and neglect described in Bruce's affidavit and the unsigned affidavit of federal habeas counsel's investigator.

The mitigating evidence that Bruce contends counsel was ineffective for failing to discover and present, although unfortunate, pales in comparison to the mitigating evidence at issue in Williams v. Taylor, 529 U.S. at 395-96 (Williams's parents were imprisoned for criminal neglect of Williams and his siblings; Williams's father repeatedly beat him severely; Williams was abused in foster care; Williams was borderline mentally retarded) and Wiggins v. Smith, 123 S. Ct. at 2533 (Wiggins's mother was a chronic alcoholic who left him alone for days at a time, forcing him and his siblings to beg for food or eat paint chips and garbage; his mother locked the kitchen and beat the children when they broke into it to get food; he had to be hospitalized after his mother pressed his hand to a hot stove burner; he was physically and sexually abused repeatedly while in foster care and a Jobs Corps program). In sum, the mitigating evidence that Bruce claims that his counsel were ineffective for failing to discover and present is not "of sufficient quality and force to raise a reasonable probability that, had it been presented to the jury, a life sentence would have resulted." See Andrews v. Collins, 21

22

F.3d 612, 624 (5th Cir. 1994). Accordingly, the state court's ultimate conclusion that Bruce was not prejudiced by the alleged deficient performance of his trial counsel is not an unreasonable application of Strickland. We thus need not address whether the challenged state court findings are worthy of deference. The district court did not err by denying habeas relief for this claim. To the extent that the district court applied Neal in determining that the ultimate decision of the state court was not objectively unreasonable, it did not err, because Neal is binding precedent in this circuit.

III

A

We now will address Bruce's request for an expansion of the COA granted by the district court. Bruce requests a COA for his Penry II claim and for his claim that he received ineffective assistance of state habeas counsel. "[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). To obtain a COA, Bruce must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El, 123 S.Ct. at 1039; Slack v. McDaniel, 529 U.S. 473, 483 (2000). To make such a showing, he must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved

23

in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1039 (quoting Slack, 529 U.S. at 484). When the district court has denied relief on the merits, a habeas petitioner seeking a COA "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. When the district court denies relief on procedural grounds, the applicant must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. (emphasis added). We address the Penry II claim first, and then the ineffective assistance of state habeas counsel claim.

B

Bruce did not assert a Penry II claim in either his state or federal habeas petition; nor did he object to the jury instructions on that basis at the sentencing phase of trial. The district court raised the Penry II issue sua sponte and directed the parties to file supplemental briefs on that issue. In his supplemental brief, Bruce asserted that the mitigating evidence presented at the punishment phase of his trial -- above average intelligence, attitude of courtesy and hard work, and personality as a follower -- could be given only partial effect under the special issues

24

submitted to the jury. He admitted that the claim was unexhausted and procedurally defaulted, but argued that the default would be excused under Texas law on the ground of futility; that the claim was novel; and, in the alternative, that exhaustion was excused on the ground that no state remedy was available.

The district court held that Bruce's Penry II claim was procedurally defaulted, and that Bruce had not shown cause to excuse the default. The district court held that the claim was not novel because the legal basis of the claim had been available at least since 1989, when Penry v. Lynaugh, 492 U.S. 302 (1989) ("Penry I") was decided, and that Penry I claims had been litigated by other defense counsel at the time of Bruce's trial. The district court noted that Penry II claims had been perceived and litigated by other defense counsel by the time of Bruce's state post-conviction proceedings. Citing Engle v. Issac, 456 U.S. 107, 130 (1982) ("the futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial"), the district court held that futility did not constitute cause for not raising the claim. It therefore denied Bruce's request for leave to amend his federal habeas petition to assert a Penry II claim.

Because the district court held that Bruce's Penry II claim was procedurally defaulted, Bruce must show, "at least, that jurists of reason would find it debatable whether the petition

25

states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Bruce argues that his Penry II claim is not procedurally defaulted because, in Selvage v. Collins, 816 S.W.2d 390 (Tex. Crim. App. 1991), the Texas Court of Criminal Appeals declined to enforce the contemporaneous objection rule against Penry claims. The trial in Selvage, however, occurred before Penry I was decided in 1989. Because Bruce was tried after 1989, his trial counsel, appellate counsel, and state habeas counsel all were aware of the rule in Penry I and could have raised such a claim.

We therefore conclude that Bruce has not made a substantial showing that jurists of reason would find it debatable whether the district court's procedural ruling was correct. Bruce did not brief the underlying constitutional issue or make any attempt to show that reasonable jurists would find debatable the merits of his Penry II claim, as required under Slack, 529 U.S. at 484. We therefore deny a COA for this claim.

C

Bruce's final COA request is for his claim that the appointment of incompetent state habeas counsel violated his right to due process and that the failure of the Texas courts to appoint competent state habeas counsel emasculates the right of federal

habeas review in violation of the Suspension Clause, U. S. Const. Art. I, § 9, cl. 2. In making this claim, Bruce is not seeking to assert ineffective assistance of state habeas counsel as cause to excuse a procedural default. Instead, his claim is that he has a federal constitutional right to the assistance of competent state habeas counsel.

Bruce argues that he has a state statutory right to be represented by competent counsel in state habeas proceedings and, because Texas has opted to provide post-conviction review of death sentences, and has statutorily guaranteed the appointment of competent counsel, the State must provide them in accordance with federal due process. He further argues that the Texas Court of Criminal Appeals's violation of that state statutory duty emasculates his right to seek federal habeas relief and thus, as applied, amounts to a suspension of the writ of habeas corpus. He notes that Coleman v. Thompson, 501 U.S. 722 (1991), did not resolve whether a prisoner is entitled to the effective assistance of state habeas counsel if "state collateral review is the first place a prisoner can present a challenge to his conviction." Id. at 755. Under Texas law, ineffective assistance of trial counsel claims generally must be raised by post-conviction writ of habeas corpus. Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997). He further notes that his state habeas proceeding was his first practicable opportunity to raise ineffective assistance of

27

counsel because he was represented on direct appeal by trial counsel. He therefore contends that he has not had his one and only appeal where ineffective assistance of trial counsel could be effectively challenged because of state habeas counsel's incompetence.

Reasonable jurists would not find debatable the district court's rejection of this claim. The claim is barred by 28 U.S.C. § 2254(i): "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." As Bruce acknowledges, it is well-settled that there is no constitutional right to habeas counsel in state collateral proceedings. See Barraza v. Cockrell, 330 F.3d 349, 352 (5th Cir. 2003) ("there is no constitutional right to competent habeas counsel," and a state statutory requirement for the appointment of competent habeas counsel does not create a constitutionally secured right); Beazley v. Johnson, 242 F.3d at 271 (no constitutional right to habeas counsel in state collateral proceedings); Martinez v. Johnson, 255 F.3d 229, 245 (5th Cir. 2001) (same); Fairman v. Anderson, 188 F.3d 635, 643 (5th Cir. 1999) ("because appointment of counsel on state habeas is not constitutionally required, any error committed by an attorney in such a proceeding 'cannot be constitutionally ineffective'") (quoting Coleman, 501 U.S. at 752). Because Bruce has not made a substantial showing that he was

entitled to the effective assistance of state habeas counsel, we deny a COA for this claim.

III

For the reasons set out above, the judgment of the district court denying federal habeas relief is AFFIRMED, and Bruce's request for an expansion of the COA is DENIED.

AFFIRMED; COA DENIED.