United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-60516
Summary Calendar

RICKY R. CHASE,

                                    Petitioner-Appellant,

versus

CHRISTOPHER B. EPPS, COMMISSIONER, MISSISSIPPI
DEPARTMENT OF CORRECTIONS; MIKE MOORE, Attorney
General of the State of Mississippi,

                                    Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(3:97-CV-744)
--------------------

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Petitioner-Appellant Ricky R. Chase, a Mississippi death row inmate, petitions us for an expansion of the Certificate of Appealability ("COA") granted by the district court and appeals the district court's denial of habeas corpus relief. We decline to expand the COA, and we affirm the district court's denial of habeas relief.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Chase and Robert Washington entered the home of Elmer and Doris Hart while Elmer was away, bound Doris, and ransacked the home. When Elmer Hart came home and attempted to free his wife, Chase fatally shot him in the head. Chase was convicted of capital murder and sentenced to death for that murder. Chase's conviction and sentence were affirmed by the Mississippi Supreme Court on direct appeal, see Chase v. State, 645 So. 2d 829 (Miss. 1994), and the United States Supreme Court denied certiorari. See Chase v. Mississippi, 515 U.S. 1123 (1995). Thereafter, the Mississippi Supreme Court denied Chase's application for state habeas corpus relief. See Chase v. State, 699 So. 2d 521 (Miss. 1997).

Chase next filed a 28 U.S.C. § 2254 petition in the United States District Court for the Southern District of Mississippi, asserting 32 claims of error in connection with his trial and sentencing. That court denied the petition but granted a COA on one issue, viz., whether Chase's trial counsel rendered ineffective assistance by failing to have Chase properly evaluated for mental retardation.

## II. ANALYSIS

### A. Chase's mental status

Although the district court granted Chase a COA on the issue whether defense counsel had Chase properly evaluated for mental retardation, Chase actually argued in both state and federal court

2

that trial counsel was ineffective for failing to present evidence of his mental retardation at his suppression hearing, at trial, and at sentencing. As this is the argument that Chase briefed and that the district court addressed, we construe the grant of COA as encompassing the issue of counsel's handling of the retardation evidence.

A federal application for a writ of habeas corpus will not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 411-12 (2000). A state court acts "contrary to" federal law if it "appl[ies] a rule that contradicts a rule laid down by the Supreme Court." DiLosa v. Cain, 279 F.3d 259, 262 (5th Cir. 2002). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409.

"[A]n unreasonable application of federal law is different from an incorrect or erroneous application of federal law. Id. at 412. "[A] federal habeas court may grant the writ if the state

3

court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. In addition, the federal court must assign a presumption of correctness to a state court's factual determinations, and the burden is on the petitioner to rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). We apply the same standard of review to the state court's decision as does the district court. We review the district court's findings of fact for clear error and its conclusions of law de novo. Beazley v. Johnson, 242 F.3d 248, 255 (5th Cir.), cert. denied, 534 U.S. 945 (2001). A claim of ineffective assistance of counsel presents a mixed question of law and fact that we review de novo. Lockett v. Anderson, 230 F.3d 695, 710 (5th Cir. 2000).

Prior to trial, defense counsel moved to have Chase examined by a psychiatrist to aid the defense and its presentation of mitigating circumstances. Chase argues that his pre-trial mental examination showed that he was mentally retarded, but that, despite this evidence, trial counsel failed to present it at either the suppression hearing or during the sentencing phase of the trial.

To prevail on a claim of ineffective assistance of counsel, Chase must show (1) that his counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced Chase's defense. Strickland v. Washington, 466 U.S. 668, 689-94 (1984). To show

4

Strickland prejudice, a petitioner must demonstrate that counsel's errors were so serious as to "render[] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

The record reflects that here defense counsel did not fail to investigate Chase's mental status; and we conclude that his performance does not fail the Strickland test for failure to investigate this aspect of the case. Counsel actually obtained two mental evaluations of Chase. He was first examined by Dr. John W. Perry, Jr., a psychologist, who found that Chase has a Full Scale IQ of 71, a Verbal IQ of 77, and a Performance IQ of 64. Dr. Perry concluded that Chase was "mildly retarded" on his Performance IQ but "borderline" on his Full Scale IQ. As the district court noted, Dr. Perry's assertion that the Performance IQ was in the mildly retarded range is undercut by the observation of Dr. Perry that next followed, i.e., that Chase did not seem to be performing at his best on that particular part of the test. Dr. Perry found no indication of a thought disorder and concluded that Chase was competent to stand trial and had been capable of distinguishing right from wrong at the time of the offense. Dr. Perry concluded that Chase is "literate and has intellectual ability at least in the borderline range." (Emphasis added). Dr. Perry found "no evidence of a mental disorder in observing him and in reviewing his history" and did not see a need for further tests.

5

Chase was subsequently examined by Dr. S. Ray Pate, a psychiatrist. Dr. Pate's report further erodes Chase's claim of mental retardation, as this physician offered his expert opinion that Chase did not have a mental illness and did not present a history compatible with having a mental illness at any time in his life.

The Mississippi Supreme Court concluded that Dr. Perry's report did not present powerful evidence in favor of Chase and that counsel appeared to be following a strategy at sentencing of showing the good in Chase to justify sparing his life rather than trying to portray Chase as a victim. This conclusion by the state court was not contrary to or an unreasonable application of federal law and was not an unreasonable determination of the facts in light of the evidence, given the weak nature of the mental retardation evidence. Counsel's failure to develop and present mitigating evidence of a defendant's low IQ and borderline retardation does not fail the Strickland test for effective assistance. See, e.g., Jones v. Johnson, 171 F.3d 270, 277 (5th Cir. 1999); Boyd v. Johnson, 167 F.3d 907, 910-11 (5th Cir. 1999); Williams v. Cain, 125 F.3d 269, 277 (5th Cir. 1997); Andrews v. Collins, 21 F.3d 612, 624 (5th Cir. 1994); Duhamel v. Collins, 955 F.2d 962, 966 (5th Cir. 1992); compare Jones v. Thigpen, 788 F.2d 1101, 1102-03 (5th Cir. 1986)(counsel was ineffective by failing to present any mitigating evidence where habeas proceedings demonstrated that

6

prosecution and defense agreed defendant was mentally retarded with a full scale IQ of less than 41).

Chase also argues that defense counsel was deficient in failing to present evidence of his mental retardation at the suppression hearing. We note, as did the Mississippi Supreme Court, that Chase was not examined, and Dr. Perry did not issue his report, until after the suppression hearing. See Chase, 699 So. 2d at 529. Trial counsel could not be ineffective for failing to present evidence that did not exist at the time of the suppression hearing; and Chase does not argue that counsel should have obtained a mental evaluation sooner.

As for Chase's contention that his post-arrest statement was not voluntary and that defense counsel should have presented evidence of his retardation when his statement was referenced at trial, the state supreme court held that the trial court was privy to Dr. Perry's report and that counsel was not ineffective for failing to use Dr. Perry's report differently. Id. Chase has not shown that the state court's resolution of this issue was contrary to or an unreasonable application of federal law. 28 U.S.C. § 2254(d).

**B. Transport for mental evaluation**

On federal habeas, Chase sought permission to obtain a psychiatric examination at his own expense. The district court

7

initially granted Chase permission, directing that the evaluation be conducted at the Mississippi State Penitentiary in Parchman, Mississippi.  When nine months elapsed without counsel for Chase having obtained an evaluation, however, the district court reasoned that there was no basis for counsel's delay and withdrew permission for this evaluation.  Chase argues that the district court erred by failing to provide transportation to Jackson, Mississippi, so that the examination could be conducted there, after being advised that Chase's family had sufficient funds to pay for an examination in Jackson but not enough to pay the additional cost of transportation for an expert willing to travel to Parchman.

Chase submitted his original request for the assistance of experts pursuant to 21 U.S.C. § 848(q), which empowers the district court to authorize investigative, expert, or other services to defendants, and allows the court to authorize payment for such services at government expense.  A COA is not required to appeal the denial of funds for expert assistance, see Hill v. Johnson, 210 F.3d 481, 487 n.3 (5th Cir. 2000).  Furthermore, Chase does not argue that the court improperly denied him funds; rather, his argument arises from the district court's order in response to his motion for experts under 21 U.S.C. § 848(q).  Therefore, no COA is necessary.  We review orders involving 21 U.S.C. § 848(q) for an abuse of discretion.  See id. at 487.

By rescinding its previous order granting Chase permission to obtain a psychiatric examination at his own expense, the district

8

court implicitly found that such an examination was not necessary. Chase makes no argument with respect to the court's order, contending only that when the court granted permission for an examination, it should have also provided funds for his transportation to Jackson. As Chase does not expressly contest the order rescinding permission for a mental evaluation, the issue whether Chase should have been transported to Jackson earlier is moot. Further, Chase does not argue that the district court erred by requiring him to pay for the evaluation, and he cites no authority in support of his contention that the district court was required to transport him. This issue is deemed abandoned because of inadequate briefing. See Martin v. Cain, 246 F.3d 471, 475 n.1 (5th Cir.), cert. denied, 534 U.S. 885 (2001); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Neither was the district court's order rescinding permission for the psychological evaluation an abuse of discretion. At the time of the rescission order, defense counsel had had nine months within which to obtain the evaluation. Yet she informed the court at a hearing that, just the previous day, she had contacted an expert who might be willing to travel to Parchman but that she had not worked out the details. Counsel, who had been pregnant during the intervening time, did not explain why, in her absence, her co-counsel could not have obtained an expert and had the examination performed; and the parties had already briefed the issues on the merits. A district court has "inherent power to control its docket

and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 400 (5th Cir. 1985)(citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962)). We perceive no reversible error.

Finally, in connection with the state proceedings, Chase had been examined by two experts, neither of whom provided solid evidence of actionable mental retardation. Chase sought additional testing from the district court so that he could attempt to supplement, if not contradict, that prior evidence. The district court's denial of additional psychiatric testing under the circumstances of this case was not an abuse of discretion. See Barraza v. Cockrell, __ F.3d __ (5th Cir. May 1, 2003, No. 02-10979), 2003 WL 2002090 at *2.

**C.    Additional issues on which COA was denied**

Chase asserts numerous issues concerning the alleged ineffective assistance of counsel and errors allegedly occurring before and during his trial, as well as at his sentencing. The district court did not grant a COA on any of these issues, and we will not review issues uncertified by the district court unless the petitioner explicitly requests that we expand the COA. See United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998). Only if the petitioner expressly requests that the grant of COA be broadened to cover issues on which the district court has denied COA may we consider whether to expand the grant of COA to include such issues.

10

Id. at 431. Chase asserts that the district court erred by denying a COA on the numerous issues raised in his brief. We construe this statement as a request for expansion of the COA, albeit marginally.

A COA may be issued only if the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003).

**1. Inadequately briefed issues**

As a preliminary matter, Chase raises various ineffective assistance issues in a virtually summary or conclusional fashion, failing to provide either record or case citations or legal analysis. He asserts that trial counsel was ineffective by (1) failing to object to six of eight peremptory challenges by the state; (2) failing to object to the prosecutor's jury argument; and (3) failing to secure an instruction on a lesser-included offense. As Chase has failed adequately to brief and seriously argue these issues, they are deemed abandoned. See Woods v. Cockrell, 307 F.3d 353, 357 (5th Cir. 2002); see also FED. R. APP. P. 28(a)(9); United States v. Posada-Rios, 158 F.3d 832, 867 (5th Cir. 1998)(direct appeal; issue waived where brief contained no argument or

11

discussion of facts explaining why district court's findings were incorrect).

## 2. Remaining issues

Chase also contends that (1) trial counsel was ineffective for failing to subpoena Leslie Brown; (2) the trial court's failure to remove a juror for cause denied Chase an impartial trial; (3) the trial court erroneously denied him individual, sequestered voir dire; (4) an impermissible display of emotion by the victim's widow during her testimony deprived Chase of a fair trial; (5) the trial court erred by excluding mitigating evidence involving Robert Washington's character and opinion testimony as to his own capacity to kill; and (6) the trial court erred by allowing the jury to consider the aggravating circumstance of "pecuniary gain." Chase has not made the requisite showing to obtain a COA with respect to any of these issues. See Slack, 529 U.S. at 484; Miller-El, 123 S. Ct. at 1039.

Finally, Chase asserts that the district court erroneously denied his motion to amend his 28 U.S.C. § 2254 petition to add claims under Apprendi v. New Jersey, 530 U.S. 466 (2000), and Penry v. Johnson, 532 U.S. 782 (2001). Indeed, the district court did not grant a COA on the issue of its denial of Chase's petition for permission to amend. Although Chase at least asserted that the district court should have granted a COA on the various issues discussed above, he makes no request whatsoever that the COA should

12

be expanded to include this issue. We therefore need not consider it. See Kimler, 150 F.3d at 431.

We note, however, that even if we were to construe Chase's brief as a request for COA on this issue, it would be without merit. As Chase's motion to amend his 28 U.S.C. § 2254 petition was not filed until considerably more than ten days after the district court had entered its final judgment, the motion was properly characterized as a FED. R. CIV. P. 60(b) motion. See Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986). A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive 28 U.S.C. § 2254 application. See Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999); see also United States v. Rich, 141 F.3d 550, 551-52 (5th Cir. 1998)(28 U.S.C. § 2255 case). The district court thus properly construed the motion to amend as a motion to file a successive habeas application. As Chase had not obtained our permission to file a successive 28 U.S.C. § 2254 application, the district court properly denied the motion. See 28 U.S.C. § 2244(b)(3)(A); Fierro, 197 F.3d at 151.

## III. CONCLUSION

For the reasons set forth above, we deny Chase's request to expand the COA heretofore granted by the district court, and we affirm that court's denial of habeas relief.

13

AFFIRMED.  Request for expansion of COA DENIED.